## McQUAID v. UNITED STATES.
### No. 11239.

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1952.

Decided Aug. 7, 1952.

988

Mr. Albert J. Ahern Jr., Washington, D. C., with whom Mr. James J. Laughlin, Washington, D. C., was on the brief, for appellant.

Mr. William E. Kirk, Jr., Asst. U. S. Atty., with whom Messrs. Charles M. Irelan, U. S. Atty., William S. McKinley and Joseph M. Howard, Asst. U. S. Attys., were on the brief, for appellee.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant was convicted in the United States District Court for the District of Columbia on each of three counts of an indictment for receiving stolen goods consisting of furniture, in violation of § 22–2205, D.C.Code (1951).[1] The value of the goods covered by each count was stated to be in excess of $35. Appellant was acquitted on two other counts laid under the bribery statute, 18 U.S.C. § 209 (Supp. 1951).

Since punishment depends upon the value of the goods, see statute, n. 1, supra, and McQuaid v. United States, 1951, 90 U.S. App.D.C. 59, 193 F.2d 696, the jury, as required by the court, brought in a special

[1] "Any person who shall receive or buy anything of value which shall have been stolen or obtained by robbery, knowing the same to be so stolen or so obtained by robbery, with intent to defraud the owner thereof, if the thing or things received or bought shall be of the value of thirty-five dollars or upward, shall suffer imprisonment for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than thirty-five dollars, shall suffer imprisonment for not more than two years. (Mar. 3, 1901, 31 Stat. 1324, ch. 854, § 829.)" (§ 22–2205, D.C. Code (1951))

verdict, finding under each count that the value of the goods was $35 or upward.

■ We are unable to hold, as we are uged to do, that the evidence was insufficient to enable the jury to find appellant guilty beyond a reasonable doubt. It is true a principal witness against him was a self-confessed participant who had pled guilty to stealing the goods which appellant was charged with having received unlawfully. But the trial court instructed the jury that while as a matter of law they could convict upon the uncorroborated testimony of an accomplice, such testimony, though competent for their consideration, should be received with caution and scrutinized with care. No error appears here. Egan v. United States, 1923, 52 App. D.C. 384, 287 F. 958. This witness was in some respects vague and indefinite, but in other and critical respects he was clear and positive. He said he stole the furniture from the Mayer Furniture Company, alleged in the indictment to be the owner, and that appellant purchased it from him. Their previous conversations and other circumstances attendant upon the transactions to which he testified warranted the jury in finding beyond a reasonable doubt every essential element of the offenses, and also that the value of the goods specified in each count was $35 or more.[2] The testimony as to identity and ownership of the furniture, urged to be inadequate, was we think sufficient within the rule stated in Tatum v. United States, D.C.Mun.App., 1952, 88 A.2d 495, with which we agree.

■ Appellant urges that since the indictment charges the goods were received "with intent to defraud the said The Mayer Furniture Co. * * * the owner thereof" it was error to instruct that it was not necessary to find the accused knew the articles were stolen specifically from said company. But the court did charge that it was essential the jury be satisfied beyond a reasonable doubt that the articles were stolen and were received or bought by the accused with knowledge that they were stolen and with intent to defraud the owner. Furthermore, the court instructed that if the jury had "a reasonable doubt as to whether the Mayer Furniture Company identified and owned the furniture" they must acquit, on the theory such identification and ownership were essential elements of the crimes charged.

The objection now urged was not made below. Taken as a whole the instructions cover so well the elements of the crime that we are not required to consider any omission or addition not requested. Rule 30, Fed.R.Crim.P., 18 U.S.C.A., read with Rule 52(a). While under the statute, n. 1, supra, "intent to defraud the owner" is an element of the offense, knowledge by the accused of the owner's identity is not stated to be so. Hence, at least in the absence of any objection to those given or any request for further instructions, the inclusion of the name of the owner where the indictment charges intent to defraud the owner is treated as surplusage.

■ Error is assigned also to the refusal of the court to permit counsel to inquire into the identity of those who supplied the arresting officers with information which caused them to go to appellant's premises, a secondhand furniture store, where the arrest occurred and certain articles were seized, one of which was introduced in evidence. On inquiry into the circumstances, held at appellant's request outside the presence of the jury, the officers testified in substance that they went to the store after being informed stolen property was there. They did not immediately arrest the accused. On the contrary, they asked to see the records required to be kept by secondhand dealers,[3] which were not available. Before entering they had observed in the show window furniture of the sort they were seeking as stolen property. Appellant was asked if he had any more of that type, which at first he denied. They looked around the premises, without

2. Since the sentences on each count are alike and run concurrently a valid conviction on one of the three counts supports the judgment. Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774.

3. Article 1, Police Regulations of the District of Columbia.

objection by appellant, and in a stairway saw five new chairs hidden underneath some old furniture. Appellant then in effect admitted that his first statement regarding the two chairs was incorrect but said that these additional pieces were all. At the conclusion of the inquiry the court stated on the record his finding that the arrest, though made without a warrant, was lawful. Since the officers had reasonable grounds for believing appellant had committed a felony this was correct. Carroll v. Parry, 1919, 48 App.D.C. 453, 459; Maghan v. Jerome, 1937, 67 App.D.C. 9, 88 F.2d 1001; see, also, Shettel v. United States, 1940, 72 App.D.C. 250, 113 F.2d 34; Mills v. United States, 1952, 90 U.S.App. D.C. 365, 196 F.2d 600; and DeBruhl v. United States, 1952, 91 U.S.App.D.C. ——, 199 F.2d 175. It follows that the seizure incident to the lawful arrest, was permissible. United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

In the light of the facts recited refusal of the court to require the officers to identify their informer or informers comes within the ruling by the Supreme Court in Scher v. United States, 1938, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151. There it is pointed out that in circumstances of a comparable character the source of the information which caused the accused to be observed, followed by his arrest, was unimportant to his defense. The Court said, " * * * The legality of the officers' action does not depend upon the credibility of something told but upon what they saw and heard—what took place in their presence. Justification is not sought because of honest belief based upon credible information as in United States v. Blich, 45 F.2d 627."

No error not above considered was noted at the trial, and none other urged on appeal for the first time calls for consideration. Rule 52(b), Fed.R.Crim.P. The judgment accordingly is affirmed.