Constance J. BALLARD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13250.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 10, 1956.

Decided Sept. 27, 1956.

---

10. See note 2, supra.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Victor Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Constance Ballard was found guilty of grand larceny, largely on the testimony of Barbara Spencer, an accomplice who was indicted with her and entered a plea of guilty. Barbara testified that she and Constance obtained $5,000 from the victim by means of what is known as the "confidence game." There was no evidence for the defendant Ballard.

Error is assigned in the trial judge's refusal to charge that a conviction cannot rest on the uncorroborated testimony of an accomplice. The jury were instructed that "the testimony of an accomplice should be received with care and scrutinized with caution." As we said in McQuaid v. United States, 1952, 91 U.S.App.D.C. 229, 198 F.2d 987, 989, in regard to a similar charge, "No error appears here."

Error is charged in the court's refusal to give a familiar instruction, requested by the defendant, which suggested certain criteria to be used in determining the credibility of witnesses, such as observing demeanor and considering possible personal interest or bias. In its charge, the court told the jury they were the sole judges of the facts, and further said:

"You are the sole judges of the credibility of witnesses. It is for you and you alone to determine whether to believe any witness and the weight to be attached to any witness' testimony as well as the extent to which the witness should be credited."

It is perhaps better practice to give the requested fuller instruction, even though its standards for judging credibility probably would be adopted anyway by the jury; but we cannot say its omission here was so prejudicial as to require reversal. A trial judge is not required to instruct in the language selected and suggested by the defendant.

It is further contended that what is known in this jurisdiction as larceny by trick is not included in our larceny statute, § 22–2201, D.C.Code 1951, and must be charged under the false pretense provision of the Code. Here the victim was induced by artifice to part with possession but clearly she did not intend to pass title. Subsequent conversion by the swindlers completed the crime of larceny by trick. Graham v. United States, 1950, 88 U.S.App.D.C. 129, 187 F.2d 87, certiorari denied 1951, 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353, and earlier cases there cited.

Finally, the appellant says the indictment was fatally defective because her name was followed by the words "also known as Mary Gomez." We need not decide whether it was prejudicial to mention the alias, since the point was not made in the trial court.

Affirmed.

FAHY, Circuit Judge (dissenting).

Counsel for the defendant, appellant, submitted to the trial judge a requested instruction to guide the jury in weigh-

ing the evidence of witnesses.[1] The court refused the instruction upon the erroneous ground that it was not appropriate where all the testimony was that of the prosecution. The court limited its charge on credibility as set forth in the majority opinion. This charge, while quite correct insofar as it went, did not give the jury any such guidance as to the factors proper to be considered in evaluating the credibility of witnesses as the defendant had requested. She was entitled to have the jury instructed in accordance with well-established law when an appropriate request was made, as was done. The refusal, therefore, was error. It was also prejudicial.[2] The prejudicial character of the error is emphasized by the fact that the principal witness for the prosecution was an admitted accomplice and the evidence of guilt was neither conclusive nor necessarily credible. There was a fair question for the jury, properly instructed. The latter not having been done, though requested, I would grant a new trial.

1. The requested instruction was in the following form:
 "Credibility of Witnesses
 "In weighing the evidence of witnesses, you have the right to consider their intelligence, their appearance upon the witness stand, their apparent candor and fairness; their interest in the result of the trial, if any; their opportunities of seeing and knowing the matters con-cerning which they testify, the probable or improbable nature of the story they tell, and from these things, together with all the facts and circumstances surrounding the case, as disclosed by the testimony, determine where the truth of this matter lies."

2. See People v. Krauser, 315 Ill. 485, 146 N.E. 593; Kindt v. Reading Co., 352 Pa. 419, 43 A.2d 145, 150, 162 A.L.R. 1.