**Jessie OVERTON, Appellant**

**v.**

**UNITED STATES of America, Appellee.**

**No. 15151.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1960.

Decided Feb. 25, 1960.

Mr. Sydney M. Cone, III, Washington, D. C. (appointed by this Court) for appellant. Mr. Robert C. Barnard, Washington, D. C., (also appointed by this Court) was on the brief for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before Mr. Justice REED, retired,* and WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

Under the authority of a search warrant, police officers went to the door of appellant's apartment and sought admission. According to their testimony, she asked them to wait a minute, then admitted them and told them they were too late, as she had "put the heroin down the sink;" that she had just sold capsules to one of the persons present, but had also put those down the drain. The officers said they discovered four empty gelatin capsules in a glassine bag which contained traces of white powder, a

---

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.C.

syringe and a hypodermic needle.[1] Appellant was arrested and taken to the office of the Narcotic Squad, where she first denied and then admitted having heroin on her person. Search by a policewoman revealed 79 capsules. The appellant introduced no evidence at the trial.

Reversal is asked on the theory that the affidavit on the basis of which the search warrant was issued did not constitute probable cause because it recited information given to the affiant by an unnamed informer. The affidavit contains two averments of the affiant's personal knowledge which alone might be held to justify the search warrant. We see no reason to doubt that this record shows reasonable grounds for the issuance. The information given by the informer was entirely consistent with, and in fact corroborated, the results of the affiant officer's own observations, as conducted over a substantial period of time. Cf. Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Jones v. United States, 1959, 106 U.S. App.D.C. 228, 271 F.2d 494. Appellant offers nothing to impugn the truthfulness of the affidavit.

Affirmed.

1. These articles were not introduced as exhibits.