Odessa M. MADRE, Appellant,

v.

UNITED STATES, Appellee.

Nos. 2799, 2800.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 7, 1961.

Decided Sept. 25, 1961.

T. Emmett McKenzie, Washington, D. C., for appellant.

William W. Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom David C. Acheson, U. S. Atty., Charles T. Duncan and Arnold T. Aikens, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellant was tried and convicted by a jury of receiving stolen goods (Code 1951, § 22–2205, Supp. VIII) and for the possession of lottery tickets (Code 1951, § 22–1502, Supp. VIII). She appeals both convictions.

On October 11, 1960, two police officers conducted a search of appellant's premises and uncovered a quantity of allegedly stolen property and a number of items usually associated with a numbers operation. Prior to the search the officers appeared before a judge of the court below and by affidavit stated that through information supplied by a reliable informer and their own observations of appellant's premises over a six-day period (September 30 to October 5, 1960) they had reason to believe that stolen property was concealed in her home. The court was satisfied that probable cause to search existed and issued a search warrant and an arrest warrant. The property believed to be on the premises and specified in the search warrant—a number of electrical appliances recently stolen from the Hecht Company—was not uncovered by the search, but the property and numbers paraphernalia mentioned above were.

As a result of the search appellant was charged in three informations with (1) receiving a quantity of cups and silverware stolen from American Airlines; (2) receiving a number of bed sheets stolen from the Pullman Company; and (3) the possession

of numbers slips and other illegal gambling materials. At trial appellant received a directed acquittal on the charge involving the Pullman property but was found guilty of receiving property stolen from American Airlines and possessing lottery tickets.

■ In urging this court to reverse her convictions appellant raises three allegations of error which we will discuss in order. Appellant first insists that the trial court should have granted her motion to suppress the evidence because the search warrant was granted without a showing of probable cause. Appellant argues that the affidavit of the police officers was insufficient since it set forth only the hearsay information of an unidentified informer and the belief, not the knowledge, of the officers.

Essentially this is the very claim the Supreme Court dealt with in Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697. In that case the police received a tip from an informer that the defendant was engaged in the narcotics traffic. A detective then swore to an affidavit in support of a search warrant in which he set forth the information of the informer, noted that corroboration had been provided by other unidentified sources, and pointed out that the defendant was a known narcotics user. The United States Commissioner believed that probable cause had been shown and issued a search warrant. Rejecting defendant's contention that probable cause had not been sufficiently shown, the Supreme Court stated: "We have decided that, as hearsay alone does not render an affidavit insufficient, the Commissioner need not have required the informants or their affidavits to be produced, or that [the detective] have personally made inquiries about the apartment, so long as there was

a substantial basis for crediting the hearsay." 362 U.S. at page 272, 80 S.Ct. at page 736.

The affidavit submitted by the police in the present case provides even a more positive basis for the judge's finding of probable cause than did the affidavit in the Jones case. In their sworn statement of three and a half pages the affiant police officers recited that a reliable informer told them that appellant was receiving stolen property in large quantities; that appellant herself had a criminal record; that they put appellant's premises under surveillance during the period September 30 to October 5, 1960, and made frequent observations of people entering and leaving the house at odd hours; that most of these people entered or left the premises carrying parcels; that several of them departed the premises carrying coats over their arms, though they had entered without such garments; that on October 10 the informer told the officers that a known thief had delivered stolen electrical appliances, the property of the Hecht Company, to appellant's premises; that the police learned through Hecht's that a large number of electrical appliances were missing; and that as a result of all the above they had reason to believe the appliances were concealed on appellant's premises.

The recitation of the contents of the affidavit makes it clear that the affiant officers had probable cause to believe the crime of receiving stolen property was being committed on appellant's premises.[1] And it is equally evident that the affidavit and the testimony of the police officers gave the "neutral and detached magistrate"[2] in the court below a reasonable basis on which to determine that probable

---

1. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Jones v. United States, 106 U.S.App.D.C. 228, 271 F.2d 494, certiorari denied, 362 U.S. 994, 80 S.Ct. 809, 4 L.Ed.2d 771; Mills v. United States, 90 U.S.App.D.C. 365, 196 F.2d 600, certiorari denied, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643.

2. Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436.

cause had been satisfactorily demonstrated by the police.[3]

■ We next turn to appellant's second allegation of error. Appellant asserts that she had a right to confront and cross-examine the informer "to determine whether the search warrant was improvidently issued." Her request for the identity of the informer was refused in the court below, and she argues that this was reversible error.

There is no fixed rule with respect to the disclosure of the identity of an informer. The Supreme Court in Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639, has said: "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

As the Supreme Court noted in the Roviaro case, the problem of disclosure normally arises in cases involving a search and seizure without a warrant.[4] The informer may be an active participant in the offense charged,[5] or he may merely provide the information leading to an investigation of an individual.[6] As is evident in the present case, the informer merely provided the "lead" which started the investigation and led the police, after their own obser-

vations, to seek a search warrant. In making her argument that nondisclosure of the informer's identity was reversible error appellant does not indicate the manner in which disclosure would have helped her to demonstrate that the warrant was issued without probable cause. Nor does she claim the police misrepresented what the informant told them.[7] Furthermore, we are unable to see how nondisclosure under the circumstances prejudiced her defense[8] or, for that matter, how disclosure could have had any critical effect on the issue of her guilt or innocence. See Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; McQuaid v. United States, 91 U.S.App.D.C. 229, 198 F.2d 987, certiorari denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715. We believe the search warrant was issued upon an ample showing of probable cause, and there was no reason to require a disclosure of the identity of the informer.

■ We find no merit in appellant's final allegation of error that there was insufficient evidence to convict her of receiving property stolen from American Airlines. The Government proved that the property had been stolen from American Airlines and that appellant had it in her possession. There was ample evidence to support the jury's verdict of guilty.

Affirmed.

3. See Overton v. United States, 107 U.S. App.D.C. 233, 275 F.2d 897, petition for certiorari dismissed, 362 U.S. 957, 80 S. Ct. 874, 4 L.Ed.2d 874; Brandon v. United States, 106 U.S.App.D.C. 118, 270 F. 2d 311, certiorari denied, 362 U.S. 943, 80 S.Ct. 808, 4 L.Ed.2d 771.

4. See cases noted in Annotation 76 A.L.R. 2d 262, and Annotation, 3 L.Ed.2d 1736.

5. See, e.g., United States v. Conforti, 7 Cir., 200 F.2d 365, certiorari denied, 345 U.S. 925, 73 S.Ct. 782, 97 L.Ed. 1356;

Sorrentino v. United States, 9 Cir., 163 F.2d 627.

6. See, e.g., Mills v. United States, 90 U.S. App.D.C. 365, 196 F.2d 600, certiorari denied, 344 U.S. 826, 73 S.Ct. 27, 97 L. Ed. 643; McQuaid v. United States, 91 U.S.App.D.C. 229, 198 F.2d 987, certiorari denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715.

7. See Jones v. United States, 362 U.S. 257, 267, 80 S.Ct. 725, 4 L.Ed.2d 697.

8. Appellant offered no testimony in her behalf.