**Joseph H. GREEN, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 18512.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 20, 1964.

Decided Feb. 11, 1965.

Petition for Rehearing Denied June 8, 1965.

Mr. Gerhard A. Gesell, Washington, D. C., with whom Mr. John P. McKenna, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Stephen Eilperin, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert X. Perry, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

BAZELON, Chief Judge:

Appellant was convicted of unauthorized use of a vehicle, grand lar-

ceny and interstate transportation of a stolen automobile. The Government's principal witness was an admitted accomplice and his testimony was corroborated by one William Weaver. Because the court invited the jury to consider whether the accomplice's testimony was "substantially corroborated by independent evidence," [1] Weaver's testimony was of great importance.

Appellant argues that the trial court improperly permitted the prosecutor to ask leading questions of Weaver. In several instances, defense counsel objected and was peremptorily overruled by the court with no reason given. Counsel at one point asked whether the prosecutor was "announcing surprise" as a justification for the leading form of the questions. The prosecutor denied this but offered no other justification. The court again overruled counsel's objections, giving no reason.

The trial court may permit leading questions where, for example, the witness has forgotten some events or is ignorant or even reluctant to testify.[2] But this discretion must be exercised with great caution to avoid the "evil * * * of supplying a false memory for the witness." United States v. Durham, 319 F.2d 590, 592 (4th Cir. 1963). Where, as here, the court (a) conducted no inquiry to determine why the prosecutor asked the leading questions, and (b) gave no reason for permitting such questions, there is no adequate assurance that the court exercised any discretion.

It clearly appears, however, that Weaver's crucial testimony was not elicited by leading questions. He testified that appellant and the accomplice told him they were "going down in Virginia * * * to pick up * * * a

1. The trial court properly instructed the jury that the accomplice's testimony "should be received with caution and scrutinized with care." See McQuaid v. United States, 91 U.S.App.D.C. 229, 230, 198 F.2d 987, 988, cert. denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715 (1953); Bishop v. United States, 100 U.S.App. D.C. 88, 243 F.2d 32 (1957).

2. See Neville v. United States, 272 F.2d 414 (5th Cir. 1959); Roberson v. United States, 249 F.2d 737, 72 A.L.R.2d 434 (5th Cir. 1957); Arnette v. United States, 158 F.2d 11 (4th Cir. 1946).

car" which they described to him as a dark blue 1963 model Grand Prix Pontiac.[3] None of this vital incriminating information was supplied to Weaver by the prosecutor's leading questions. In these circumstances, the lack of adequate assurance that the trial court properly exercised its discretion in permitting some leading questions is not reversible error.

Affirmed.

Fahy, Circuit Judge, dissented.

---

3. Other witnesses had identified this as the stolen car, and this car was found dismantled in Virginia.