**Ernest L. STITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19520.**

United States Court of Appeals District of Columbia Circuit.

Argued March 7, 1966.

Decided April 22, 1966.

Petition for Rehearing En Banc Denied July 6, 1966.

Mr. Herbert M. Schulkind, Washington, D. C. (appointed by this court) for appellant.

Mr. Charles A. Mays, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and David Epstein, Asst. U. S. Attys., were on the brief, for appellee. Mr. James A. Strazzella, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

McGOWAN, Circuit Judge:

Appellant, with two others, was indicted in two counts for housebreaking and grand larceny. Just prior to trial, both co-defendants withdrew their pleas of not guilty. One of them, Johnson, thereafter pleaded guilty to petit larceny under the second count of the indictment, and testified for the Government against appellant at the latter's trial. This appeal from appellant's conviction on both counts after a jury verdict presents one claim of error at the trial as having arisen out of Johnson's testimony. It is also contended that appellant was improperly denied effective assistance of counsel prior to trial. We find no reason to reverse.

### I

In the matter of Johnson's testimony, it is not questioned that the District Court properly instructed the jury that "the motive of an accomplice in testifying and the circumstances under which his testimony is offered should be considered by you in determining how much weight and credibility his testimony should be given"; and that the jury "should treat [Johnson's] testimony with great care and caution and scrutinize it with care." See Green v. United States, 121 U.S.App.D.C. 111, 348 F.2d 340, 341 n. 1 (1965); McQuaid v. United States, 91 U.S.App.D.C. 229, 230, 198 F.2d 987, 989 (1952), cert. denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715 (1953).

What is claimed to be reversible error is the court's failure to comply with appellant's request to add this sentence: "You may consider whether or not [Johnson's] testimony was influenced by fear of punishment or hope for leniency." The court's reason for refusing this addition was that there was no foundation for it in the testimony. Although there was no proof of actual threats or promises by the government,[1] appellant's argument essentially is that, since the first count of the indictment against Johnson was not dismissed nor was he sentenced on his guilty plea until appellant's trial was over, he must have been under pressure. Under these circumstances, so it is said, he could reasonably have expected to benefit from giving testimony adverse to appellant. The pendency of these matters was, however, brought out on Johnson's cross-examination. Since the judge instructed the jury to consider "the motive of an accomplice in testifying and the circumstances under which his testimony is offered," the refusal to give the requested instruction was not reversible error.

### II

Appellant's Sixth Amendment claims are founded upon (1) the appointment of one attorney to represent appellant and his two co-defendants at the time of their preliminary hearing, and (2) the absence of counsel prior to and at arraignment on the indictment. As to the former, as well as that part of the second claim which relates to the absence of counsel between preliminary hearing and arraignment, we think the first obstacle in appellant's path is that the failure to raise these asserted deficiencies either before trial or at the trial itself, precludes their effective assertion for the first time on appeal. Appellant was provided with counsel five days after arraignment, and trial was not reached for nearly two months thereafter. If appellant felt himself prejudiced by some

---

1. Johnson himself testified that the first conversation he had with the prosecutor was after he had changed his plea; and that no promises were made to him at that time.

defect in the preliminary hearing, we have made it plain that such a matter must be raised before trial if there is time to do so. Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965). And, if the absence of counsel prior to arraignment created problems in terms of preparation for trial, appellant could have sought a continuance or otherwise represented to the trial court wherein the prejudice lay.

It is hard to escape the conclusion that the true source of prejudice to appellant was Johnson's decision just before trial to change his plea. But that is only another instance of what must appear to appellant as man's inhumanity to man, for which no satisfactory remedy has as yet been provided, at least in the appellate courts. At the time of the preliminary hearing, this rift in the lute was far in the future; and there was then no reason apparent, either to the magistrate or to the accused, why the latter's interests were divergent. Even had this point been raised in a timely manner, it would in all likelihood have been unavailing in terms of establishing any meaningful prejudice to appellant.

Insofar as appellant's claim of entitlement to reversal rests upon the absence of counsel at arraignment, we note that the plea entered by him at that time was one of not guilty. We have heretofore in these circumstances withheld the remedy of reversal; and we do the same here. Barnett v. United States, 123 U.S.App.D.C. 38, 356 F.2d 791, decided December 13, 1965; Anderson v. United States, 122 U.S.App.D.C. 277, 352 F.2d 945 (1965); McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965). The arraignment in this case, as in those, occurred before the effective date of the Plan for Furnishing Representation for Indigent Defendants in Criminal and Quasi-Criminal Cases, instituted as required by the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. In *Barnett,* we quoted the language of the Plan which is addressed to the pro-

vision of counsel at arraignment, and we stated our assumption to be that "the presence of counsel for the indigent at arraignment is now assured by the Plan."

The conviction appealed from is

Affirmed.