**Troy CLARK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18912.**

United States Court of Appeals
Eighth Circuit.

March 25, 1968.

Robert G. Duncan, of Pierce, Duncan, Beitling & Shute, Kansas City, Mo., for appellant.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., on the brief.

Before VOGEL, Senior Circuit Judge, LAY, Circuit Judge, and BECKER, Chief District Judge.

PER CURIAM.

The appellant, Troy Clark, was indicted by a grand jury in the Western District of Missouri on June 28, 1966, charged with violations of 18 U.S.C.A. § 2113(a)(d), bank robbery.[1] Count I charged that on or about June 30, 1965, appellant entered the Kansas City Bank & Trust Company, Kansas City, Missouri, the deposits of said bank being insured by the Federal Deposit Insurance Corporation, and forcibly took $11,627.00 in money from a named employee, by assaulting and placing the employee's life in jeopardy by using a dangerous weapon, a firearm. Count II charged that on or about August 3, 1965, appellant entered the Baltimore Bank, Kansas City, Missouri, the deposits of said bank being federally insured, and forcibly took $5,734.00 in money from employee Beatrice

Goessy and other persons, and assaulted and placed their lives in jeopardy by using a dangerous weapon, a firearm.[2]

Troy Clark was serving time in the Missouri State Penitentiary, Jefferson City, Missouri, when the indictment in this case was returned. See, State v. Clark, Mo., 1967, 412 S.W.2d 493. He was placed in custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum issued by the United States District Court, Western District of Missouri. On July 29, 1966, Clark entered a plea of not guilty to the charges contained in the indictment, was tried before a jury, found guilty and on June 2, 1967, was sentenced to concurrent terms of fifteen years on each count but consecutive to a forty-five-year sentence for second degree murder being served in the Missouri State Penitentiary. Clark has made timely appeal in forma pauperis to this court, asking that the judgment of conviction be reversed. He has been represented by appointed counsel both in the trial court and here.

Appellant raises four points of alleged error as follows:

"I. The judgment below was based upon identifications that were so questionable that the conviction is not based upon substantial or sufficient evidence and amounts to a denial of due process.

"II. The Court prejudicially erred in admitting in evidence, over appellant's objections, Government's Ex-

---

1. 18 U.S.C.A. § 2113 provides in pertinent part:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money * * * belonging to, or in the care, custody, control, management, or possession of, any bank, * * * or

"Whoever enters or attempts to enter any bank, * * * with intent to commit in such bank, * * * any felony affecting such bank * * * and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

*    *    *    *    *

"(d) Whoever, in committing, or attempting to commit, any offense defined in subsections (a) * * * of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon * * * shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

2. Appellant's counsel during oral argument before this court stated that appellant, Troy Clark, did not desire a severance of the two counts, but wanted both cases tried together.

hibit No. 2, being appellant's sweater, it being irrelevant and not shown to be connected with the offense charged.

"III. The Court prejudicially erred in refusing appellant's request for an instruction that a factor to consider in determining credibility is the witnesses' opportunity to observe and ability to remember, and in overruling appellant's objection to the Court's instruction on credibility.

"IV. The Court prejudicially erred in denying appellant's motion for mistrial because of the assistant United States Attorney's improper argument in his personal belief in the guilt of the appellant."

█ As previously noted, the court imposed concurrent sentences of fifteen years on each of the two counts. Therefore, the affirmance of either count in the indictment will support the sentence imposed. Lawn v. United States, 1957, 355 U.S. 339, 362, 78 S.Ct. 311, 2 L.Ed.2d 321; Aron v. United States, 8 Cir., 1967, 382 F.2d 965, 972 n. 2; Whitehorn v. United States, 8 Cir., 1967, 380 F.2d 909, 912. In view of this principle, the summary of the evidence upon which the jury found Clark guilty is confined to the second count, the robbery of the Drive-In Branch of the Baltimore Bank of Kansas City. The alleged errors are considered in the order in which they have been stated.[3]

██ First, appellant challenges the sufficiency of the evidence. He filed an oral motion for judgment of acquittal at the close of the government's case which was overruled. Specifically, he contends that the identifications of him made by the three Baltimore Bank employees present ruring the robbery were not adequate to support the conviction. In resolving this point, the evidence is viewed in the light most favorable to the prevailing party, the government. Further, the government is entitled to the benefit of all inferences that may reasonably be drawn from the proven facts. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Whiteside v. United States, 8 Cir., 1965, 346 F.2d 500, 502.

The evidence received discloses that on August 3, 1965, at about eleven o'clock in the morning, just before the noon rush hour, a Negro male, dressed in a white shirt, tie, plaid sports jacket, hat and sunglasses, entered the Baltimore Bank, at 234 West 10th Street, Kansas City, Missouri, the deposits of which were at the time federally insured as defined in 18 U.S.C.A. § 2113(f). At this time the only persons present were the following three bank employees: Mrs. Beatrice Goessy, who occupied the teller's window closest to the door; Mrs. Dorothy Wilson, who was seated at the only other teller's window; and Mr. Thomas Payne, a retired General Services Administration Guard, employed by the bank as a combination guard and janitor, who stayed with the ladies "in case they would want something". The intruder approached the window of Mrs. Beatrice Goessy, stuck a brown folded paper bag on the counter and said, in a low tone, "Fill it up!"

Thomas Payne, upon hearing this, approached, confronted the man, and was threatened with his life by a pistol the intruder produced. Beatrice Goessy then placed all the money in her cash drawer in the paper bag. Barbara Wilson witnessed all of this and then took money out of her cash drawer to fill the bag. After he left, a check of the cash disclosed that the sum of $5,734 had been taken.

Two of the three employees, Mrs. Goessy and Mr. Payne, were able to make a positive identification of the appellant at his trial. Mr. Payne and Mrs. Goessy also identified Clark as being in the bank on the day before the robbery. Mrs. Wilson, at the trial, identified the appellant as resembling the robber "a great deal".

---

**3.** Point II of appellant's four points of alleged error, concerning prejudicial error resulting from admission into evidence of a sweater, is not pertinent to Count II of the indictment, and therefore this point is not discussed in this opinion.

**60**

The government also introduced evidence showing that the appellant was in the Kansas City area at the time of the offense and registered in a hotel under an assumed name. Appellant's paramour was a government witness. She testified that appellant had spent money on her and had given her money and property after the robbery, and that he had been indigent previously.

The appellant did not offer evidence in his own behalf. The sufficiency of the government's case was his only defense. He relied upon cross-examination of the eye-witnesses to impeach their identifications of him. However, as previously noted, two of the eye-witnesses positively identified him as the robber.

■ An adequate evidentiary basis exists to support the conviction of the appellant on the Count II charge.

Next, appellant contends the court erred in instructing the jury on credibility of witnesses, in that the jury was not instructed to consider the witnesses' opportunity to observe and remember what they observed. This credibility instruction was given as follows:

"You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony. In determining such credibility and weight you will take into consideration the character of the witness, his or her demeanor on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling toward the parties to the trial, the probability or improbability of his or her statements as well as all the other facts and circumstances given in evidence."

The appellant did not request any instructions at the conclusion of all the evidence and before the court instructed the jury. The objection to the credibility instruction was presented to the court out of the hearing of the jury and after completion of the court's charge to the jury.

■ The form of an instruction on credibility is within the sound discretion of the trial court. See, Dranow v. United States, 8 Cir., 1962, 307 F.2d 545, 568; Johnson v. United States, 8 Cir., 1961, 291 F.2d 150, 155. While it is the court's duty to correctly instruct the jury, it is the appellant's duty to demonstrate that prejudicial error was committed in refusing to instruct as requested. The quoted instruction shows that the court correctly set out the factors to be considered by the jury in determining credibility of the witnesses.

■ Appellant's final contention urges that a prejudicial comment was made by the prosecutor in the rebuttal portion of his closing argument. The government's attorney said:

"* * * The evidence is uncontradicted. There is no evidence contradicting what the witnesses said. All of them stuck with their story and *their stories, I believe, are true.*" (Emphasis supplied.)

Out of the hearing of the jury the appellant objected and moved for a mistrial. The District Court sustained the objection and denied the mistrial. The record indicates that the court immediately and correctly instructed the jury to disregard this comment in its opening remarks in charging the jury by saying:

"Gentlemen of the jury, in his closing argument the attorney for the government made the statement in the heat of argument that he believed the testimony of the witnesses was true. Of course he cannot vouch for the testimony of the witnesses in any way. It is for you to determine whether the testimony is true and any opinion he would have on the matter would simply be his opinion and, as I say, he is not the one to vouch for the credibility of the witnesses. That is for your determination."

A reading of the transcript reveals that this was the only instance in which the government made such a comment. There is nothing in the record to indicate that this comment was other than an honest mistake made in the heat of argument. Further, this error was cured

by the trial court's instruction to the jury. Butler v. United States, 8 Cir., 1965, 351 F.2d 14, 22–23; Keeble v. United States, 8 Cir., 1965, 347 F.2d 951, 955–956.

Finding no substance with respect to appellant's allegations of error in Count II of the indictment, this case is in all things affirmed.