**UNITED STATES of America**

v.

**C. L. MOSS, Appellant.**

**No. 17298.**

United States Court of Appeals
Third Circuit.

Argued March 3, 1969.

Decided May 1, 1969.

Rehearing Denied June 27, 1969.

Robert E. Tucker, Berger & Berger, Pittsburgh, Pa., for appellant.

Lawrence G. Zurawsky, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

This is an appeal from a judgment of conviction of the United States District Court, Western District of Pennsylvania, entered after a jury verdict finding the defendant-appellant, C. L. Moss, guilty of violating 18 U.S.C. § 2113(a) (d).

On the afternoon of August 15, 1967, defendant attempted unsuccessfully to rob a branch of the Pittsburgh National Bank. Three female tellers had an opportunity to observe the robber for various lengths of time. After the attempted robbery, each of the tellers separately picked out defendant's photograph as being that of the robber. Furthermore, on about September 12, 1967, two of the tellers were taken to the Public Safety Building in Pittsburgh where defendant was being arraigned on state charges, and recognized him when he entered the magistrate's courtroom. A federal grand jury indictment followed on September 18, 1967. At trial, the Government made no attempt to introduce evidence of the pre-trial identifications of

defendant or his photograph on direct examination, relying solely upon the tellers' account of the attempted robbery and their in-court identification of defendant. Testimony as to the pre-trial identifications, however, was elicited by defense counsel on cross-examination and by the prosecution on re-direct.

Prior to trial, on January 15, 1968, defendant's counsel moved that the United States Marshal be ordered to bring four members of defendant's race from the Allegheny County Jail to sit with the defendant at trial so that he would not be the only member of his race in the courtroom when the Government's witnesses testified. This motion was denied. However, defendant was granted a continuance so that he might obtain males of his race to sit with him. He could find no one willing to do so and did not renew his motion.

The trial commenced on January 23, 1968. During its course a photograph of defendant handcuffed to a notorious bank robber appeared in the local news media. [The other man was being tried contemporaneously before another judge]. Defendant was not identified in the photograph but nine of the jurors and both of the alternates saw it and recognized the defendant. An in camera examination of each juror was conducted by the trial judge, and none indicated prejudice against defendant and all answered affirmatively that their verdict would not be influenced by anything they saw outside the courtroom. Defense counsel moved that two of the jurors who stated that they had not seen the photograph be replaced by alternates; however, he acquiesced in postponing such replacement until the conclusion of the testimony and then withdrew his request entirely. In his charge, the trial judge instructed the jury to disregard any impression or information about defendant obtained from any source outside the courtroom.

The jury having returned a verdict of guilty and defendant's post-trial motion for a new trial having been denied, on January 25, 1968, defendant was given a suspended sentence on Count I (violation of 2113(a)) and sentenced to five years on Count II (violation of 2113(d)).

On this appeal defendant makes three contentions: (1) in-court identifications of an accused are improper where he is the only member of his race present in the courtroom; (2) the trial judge erred in his charge as to the weight to be given the identification testimony of the bank tellers; and (3) the photograph of the defendant handcuffed to a notorious criminal, which was seen by the jurors, was so prejudicial as to entitle him to a new trial.

We find no merit in any of these contentions.

We cannot agree with defendant that the Government is faced with the choice of providing a defendant with members of his race to sit with him or foregoing in-court identification. Here the trial judge continued the trial so that the defense attorney might procure other members of defendant's race to sit with him. It was permissible for the defense to bring to the jury's attention that the defendant was the only member of his race in the courtroom, as it did at two points in the trial.

The trial judge did not err in his charge as to the weight to be given the identification testimony of the tellers. His charge adequately covered credibility of witnesses and the weight to be given their testimony, and, in fact, defendant does not challenge this instruction. Defendant contends that the trial judge was required to give a special instruction cautioning the jury as to the unreliability of identification testimony. In particular, he contends that the trial judge erred in refusing to charge that "[n]o class of testimony is more uncertain and less to be relied upon than that of identity." The short answer to this is that the trial judge was under no obligation to give such a special instruction and certainly did not err or abuse his discretion in refusing to do so. Cf. Clark v. United States, 391 F.2d 57 (8 Cir.1968), cert. den. 393 U.S. 873,

89 S.Ct. 165, 21 L.Ed.2d 143; Adjmi v. United States, 346 F.2d 654 (5 Cir. 1965), cert. den. 382 U.S. 823, 86 S.Ct. 54, 15 L.Ed.2d 69; Ballard v. United States, 99 U.S.App.D.C. 101, 237 F.2d 582 (1956), cert. den. 352 U.S. 1017, 77 S.Ct. 574, 1 L.Ed.2d 554 (1957); Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34 (1940).

Finally, we note that the instant case is totally unlike such cases as Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), and when viewed in the totality of the circumstances, the publication of the photograph of Moss handcuffed to a "notorious bank robber" was not so prejudicial as to require a new trial.

For the reasons stated the judgment entered pursuant to the jury's verdict will be affirmed.

We desire to note our appreciation of the indefatigable and commendable representation of the defendant on this appeal by his court-appointed counsel, Robert E. Tucker, Esquire.