**32**

UNITED STATES of America

v.

Marvin Corey EDWARDS, William H.
Frisby, Lynwood Burley,
Samuel Gaymen.

Crim. No. 69–362.

United States District Court,
E. D. Pennsylvania.

Oct. 2, 1970.

David H. Kubert, Philadelphia, Pa.,
for Lynwood Burley.

Thomas J. McBride, Asst. U. S. Atty.,
Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for the United States.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court are motions by one of the defendants, Lynwood Burley, for new trial and/or judgment of acquittal pursuant to Fed.R.Crim.P. 33 and 29(c) respectively. On March 5, 1970, a jury found the defendant guilty of bank robbery in violation of 18 U.S.C. § 2113(a), (b) and (d). Essentially five grounds are presented in support of defendant's motions. They are: (1) that the evidence of the government as the identification of the defendant as the perpetrator of the crime charged did not rise to the level of proof required for submission of the case to the jury; (2) that the court erred in refusing defendant's motion that he be placed among the spectators whenever identification witnesses were to testify; (3) that the court erred in failing to adequately instruct the jury on the law applicable to identification evidence; (4) that the court erred in refusing to adequately explain to the jury the absence of Samuel Gaymen, a codefendant for whom a motion for judgment of acquittal had been granted; and (5) that the court erred in failing to adequately instruct the jury on the requirement that their verdict be unanimous.

After carefully reviewing the record and the briefs of counsel, the court has concluded that the above-mentioned contentions are without merit and that the defendant's motions should be denied.

■ As to defendant's first contention concerning the sufficiency of the government's identification evidence, a review of the testimony of the witnesses in question reveals that each identified the defendant as a participant in the robbery. Each witness honestly admitted that they were not absolutely positive in their identification. But the record reveals that each witness had an opportunity to observe the defendant at the time of the robbery and each singled out the defendant in court as one of the participants. One must bear in mind that a defendant is never to be convicted

on mere suspicion or conjecture, but it must also be remembered that it is rarely possible to prove anything to an absolute certainty.[1] The government's witnesses testified to the best of the recollection and each identified the defendant as a participant in the robbery. As such the identification was adequate and sufficient to permit the question to be submitted to the jury. It was counsel's responsibility to argue the weight to be accorded the testimony illicited at trial, but the ultimate determination was for the jury.

 Prior to the commencement of the trial, counsel for the defendant requested that the court permit the defendant to be seated among the spectators and not at counsel table whenever identification witnesses were to testify. The court refused to grant this motion and the defendant now contends that this refusal was sufficiently prejudicial so as to negate the identifications which were made in court, nullify his conviction and award a new trial. In support of this position defendant cites United States v. Moss, 410 F.2d 386 (3d Cir. 1969). A reading of this case reveals however that the court did not address itself to the question of whether the defendant has a right to sit among the audience during the course of testimony seeking to establish that he was a participant in a bank robbery in which a guard was seriously wounded. Rather, the court in that case concluded:

"We cannot agree with defendant that the Government is faced with the choice of providing a defendant with members of his race to sit with him or foregoing incourt identification. Here the trial judge continued the trial so that the defense attorney might procure other members of defendant's race to sit with him. It was permissible for the defense to bring to the jury's attention that the defendant was the only member of his race in the courtroom, as it did at two points in the trial."

Despite the problems of security inherent in the aforementioned request, it was also the obligation of the court to consider the safety of those persons who might possibly be seated as spectators at the trial. The offense for which the defendant was on trial was a bank robbery which resulted in a guard being seriously wounded by one of the participants. In granting such a request the court may have been jeopardizing the safety of innocent spectators. The defendant in the *Moss* decision contended that his in court identification was improper in that not only was he the only member of his race sitting at counsel table but that he was the only member of his race in the courtroom. As was noted above, this contention was rejected. In the present case not only were there other members of the defendant's race in the courtroom, but also there was another member of defendant's race sitting at counsel table with him, i. e., a codefendant, Samuel Gaymen. The government witnesses were sufficiently positive in their in court identifications of the defendant to differentiate between the defendant and his codefendant and specifically singled out Lynwood Burley as a participant in the bank robbery. It is apparent therefore that the defendant in the present case has had even more protection against suggestive in court identification than did the defendant in the *Moss* case.

 The defendant's third contention concerning the inadequacy of the court's instruction on the law applicable to identification evidence is clearly belied by the record. Not only did the court adequately and correctly instruct the jury at length as to the law applicable to identification evidence (N.T. 241–44),[2] but

---

1. See W. Mathis & E. Devitt, Federal Jury Practice and Instructions—Civil and Criminal, § 801 (Supp.1968).

2. See B. Laud, Pennsylvania Trial Guide §§ 188,397.4 (1959).

the exact language advanced by the defendant was specifically rejected in the *Moss* decision.

■ The defendant boldly advances his fourth contention concerning the alleged inadequacy of the court's instruction to the jury regarding the absence of Samuel Gaymen without a single citation of authority supporting such a position. At the close of the government's case, the court granted defendant Gaymen's unopposed motion for judgment of acquittal. Subsequently Mr. Gaymen appeared in the rear of the courtroom as a spectator. Counsel requested that the court instruct the jury regarding the absence of Mr. Gaymen. The court stated in its charge, "I will state to you at the outset that the case concerning Samuel Gaymen has been removed from your consideration by the court, the trial judge. That is not before you for consideration." (N.T. 220–21). The jury was thereby sufficiently alerted that they were not to consider case concerning Mr. Gaymen. It was and is the conclusion of this court that the instruction quoted above was both adequate and sufficient to explain the absence of Mr. Gaymen without prejudicing either the defendant or the government.

With respect to the defendant's final contention, the court need do no more than to refer to pages 235–36 of the Notes of Testimony where the court specifically charged on the requirement that the verdict be unanimous.

Accordingly for the reasons discussed above, the court enters the following:

### ORDER

And now, this 2nd day of October, 1970, it is hereby ordered that the defendant's motions for new trial and/or judgment of acquittal are denied.