447 F.2d 1341
 Clyde Madison STRICKLAND, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
No. 71-1231 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enter-prises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 23, 1971.
 
 Clyde M. Strickland, pro se.
 Fred K. Harvey, Augusta, Ga. (Court Appointed), for defendant-appellant.
 R. Jackson B. Smith, Jr., U.S. Atty., William T. Morton, Edmund A. Booth, Jr., Asst. U.S. Atty., Augusta, Ga., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clyde Madison Strickland appeals from his conviction and life sentence on an indictment charging him with murder on a government reservation in violation of Title 18, U.S.C., Section 1111. Defendant was tried to a jury on December 6, 1966 and was found guilty of 'First Degree Murder Without Capital Punishment' and sentenced to life imprisonment on December 7, 1966. Upon determining that defendant may not have been advised at the time of his trial of his right to appeal, the district court granted defendant the right to file this appeal out of time.
 
 
 2
 Defendant contends that his conviction should be reversed and a new trial ordered because (1) he was denied counsel at his preliminary hearing, (2) he was denied counsel during custodial interrogation, and (3) the attorney provided Jr., Asst. U.S. Attys., Augusta, Ga., for DeJong, for a short time prior to the trial was ineffective due to a conflict of interests.
 
 
 3
 Assuming that the appointment of an attorney was required in this case under Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970)[1] defendant waived any objection to the court's failure to appoint counsel by his failure to object to such failure before or during his trial. United States v. Murphy, 6th Cir. 1969, 413 F.2d 1129; Stith v. United States, 1966, 124 U.S.App.D.C. 81, 361 F.2d 535; Robbins v. United States, 9th Cir. 1965, 345 F.2d 930; Blue v. United States, 1964, 119 U.S.App.D.C. 315, 342 F.2d 894.
 
 
 4
 Assuming that defendant was interrogated without a valid waiver of legal counsel, the record clearly indicates that no evidence acquired or admissions made by defendant during such interrogation was used by the government at the trial. The facts of the instant case, therefore, do not fall within the reasoning of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and defendant's contention must fail.
 
 
 5
 On March 21, 1966, William Calhoun was appointed to represent both defendant and his co-defendant at that time. Upon Calhoun's motion, he was removed as counsel for defendant on April 22, 1966 and Jay Sawilosky was appointed. Upon Sawilosky's motion, he was removed as counsel for defendant on May 9, 1966. On May 11, 1966, Roy V. Harris and Kenneth Chance were appointed to represent Strickland alone. These attorneys represented only the defendant Strickland from that time through his trial on December 6 and 7, 1966.
 
 
 6
 Defendant alleges that Calhoun's brief pretrial representation of both him and DeJong, who later testified against him at his trial and received a lighter sentence, was error. We can see no prejudice to defendant from these facts. The true source of prejudice to defendant was his partner's later decision to plead guilty and testify against him. No conflict between the interests of the two defendants appears at the time of the joint representation, and any conflict arising was cured by Calhoun's withdrawal from defendant's case. Defendant's trial counsel could not have been prejudiced from the delay in their appointment as they had seven months to prepare for trial. Without any prejudice shown, we cannot say that defendant's rights were affected in any way by the alleged temporary conflict.
 
 
 7
 Finding no merit in any of defendant's arguments, we affirm.
 
 
 
 [1]
 We do not deem it necessary at this time to decide whether Coleman v. Alabama, requiring appointment of counsel at the preliminary hearing stage of criminal prosecution absent a showing of no prejudice, is to be applied retroactively. We note that two circuits have held that the decision is not to be applied retroactively. Phillips v. North Carolina, 4th Cir. 1970, 433 F.2d 659; United States ex rel. Bonner v. Pate, 7th Cir. 1970, 430 F.2d 639. One circuit has assumed without discussion that it is retroactively applicable. Schnepp v. Hocker, 9th Cir. 1970, 429 F.2d 1096. And one circuit has stated that the decision appears to be retroactively applicable. United States ex rel. Dickerson v. Rundle, 3d Cir. 1970, 430 F.2d 462