UNITED STATES of America

v.

Marvin W. THORNE, Appellant.

No. 72–1780.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 30, 1975.

Decided Dec. 17, 1975.

Michael A. Kramer, Alexandria, Va., for appellant.

James M. Hanny, Asst. U.S. Atty., with whom Earl J. Silbert, U.S. Atty., John A. Terry and Stuart M. Gerson, Asst. U.S. Attys., were on the brief for appellee.

E. W. Cole, Washington, D.C., filed a brief amicus curiae.

Before TAMM and WILKEY, Circuit Judges, and LUMBARD,* Senior Circuit Judge for the Second Circuit.

PER CURIAM:

Appellant Marvin W. Thorne and Jerome Fortney were charged in a seven-count indictment with two counts of armed robbery (22 D.C.Code §§ 2901, 3202), two counts of robbery (22 D.C. Code § 2901), two counts of assault with a dangerous weapon (22 D.C.Code § 502), and one count of possession of a prohibited weapon (22 D.C.Code § 3214(a)), all growing out of the May 19, 1971, robbery of a gasoline station and an off-duty employee of that station who was sleeping in a nearby automobile. Appellant was tried alone[1] before a jury and

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The day before appellant's jury trial Fortney pleaded guilty to count one of the indictment

was convicted on all counts. The trial court, the Honorable William B. Jones presiding, sentenced appellant to a prison term of eight to twenty-four years on each of the armed robbery counts, three to ten years on each of the assault counts, and one year on the count charging possession of a dangerous weapon. Appellant raises only two claims of any substance in this appeal. First, appellant contends that the trial court erred in refusing to charge the jury with a precautionary instruction relating to "an informer's testimony" respecting the testimony of Fortney, the government's principal witness, rather than with an instruction relating to the testimony of an accomplice. Secondly, appellant claims that the trial court improperly sentenced him as an adult in violation of the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010. We find no merit in either of appellant's claims and, accordingly, we affirm his conviction on all counts.

 Appellant's argument that the court erred in denying his request for an instruction on informer's testimony[2] is premised on the contention that Fortney occupied the dual status of accomplice and informer. We reject this contention.

The definition of "informer" upon which appellant relies[3] was not included in the 1966 version of the Criminal Jury Instructions available to the trial judge. Even if that definition had been available, we believe that the trial judge properly exercised his discretion in concluding that Fortney was more properly considered an accomplice than an informer.[4] Moreover, we believe the comments of the trial judge and the instruction given adequately cautioned the jurors and informed them of Fortney's interest. During Fortney's testimony, the court announced that

> the witness Fortney has entered a plea of guilty in this court yesterday and was promised that the Government would move to dismiss the remaining counts of the indictment at the time of sentence on the plea of guilty to armed robbery.

> In other words, he plead guilty to armed robbery and at the time of sentence, which isn't yet, the Government will move to dismiss the remaining counts of the indictment.

Tr. 134. It was made clear to the jury that Fortney's promise to testify was one of the conditions demanded in return for dismissal of the remaining counts

(armed robbery) and was subsequently sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b). The remaining charges against Fortney were dismissed. Apparently, appellant was offered the same disposition prior to his trial. Tr. 171; Gov't Br. at 6 n. 7.

2. The requested instruction is now embodied in Instruction No. 2.23, Criminal Jury Instructions for the District of Columbia (2d Ed. 1972), and provides in relevant part:

An informer's testimony should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interest. You should (receive such testimony with suspicion and) act upon such testimony with caution.

3. He (informer) is one whose services are availed of by the Government to obtain introduction to persons suspected of violating the law or to obtain other similar informa-

tion for pay, or for immunity from punishment, or for personal advantages or vindication.

Criminal Jury Instructions for the District of Columbia, Instruction No. 2.23 (2d Ed. 1972).

4. When counsel for appellant requested the instruction on informer's testimony, the court replied:

I don't think he is an informer here. He is an accomplice. He testified that he confessed his own guilt and he said in this case joined in this robbery with me was Thorne. He is not an informer something like in the narcotics business.

. . . . .

I think that this witness Fortney is probably considered an accomplice. I think that the instruction given, which is Standard 17 in the red book, with the modification that comes from the case of Steth [Stith] v. United States [124 U.S.App.D.C. 81, 361 F.2d 535 (1966)] [is appropriate] . . . .

Tr. 147–48.

against him.[5] Counsel for appellant cross-examined Mr. Fortney concerning his motive for testifying. In addition, the court, *sua sponte,* then gave the following cautionary instruction:

Ladies and gentlemen, you just heard the testimony of Jerome Fortney. Jerome Fortney in law is known as an accomplice. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another in the commission of a crime regardless of his—that is, the accomplice's—degree of participation.

Accomplices in the commission of a crime are competent witnesses and the Government has the right to use them as a witness. The testimony of an accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it is fairly entitled to receive.

You should consider the motives of an accomplice in testifying and the circumstances under which his testimony is offered. You may convict a person accused of crime upon the uncorroborated testimony of an accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.[6]

Tr. 146–47.

Under the circumstances, we find no reversible error in the decision of the trial judge refusing to instruct the jury concerning informer's testimony.

Appellant's second contention, that the trial judge failed to make the requisite findings that appellant would not benefit from sentencing under the Federal Youth Corrections Act,[7] 18 U.S.C. § 5010, requires no elaborate discussion. The Supreme Court enunciated the standard by which courts are to make this determination in *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). The Court held that § 5010(d) requires that, before a sentencing judge may incarcerate a youthful offender under an adult sentence, he must make a finding on the record that the offender would not benefit from sentencing under subsections (b) and (c). This finding need not be accompanied by reasons, however, because the purpose of the "no benefit" finding is designed merely to ensure that the sentencing judge was aware of the Act and that the youth offender before him was eligible for the treatment it provided. *Id.* at 442–43, 94 S.Ct. 3042.

The requirement of the "no benefit" finding was designed to insure that the sentencing judge exercised his discretion in choosing not to commit a youth offender to treatment under the Act.

. . . . .

Once it is clear that the sentencing judge has considered the option of the treatment under the Act and rejected it, however, no appellate review is warranted.

*Id.* at 443, 94 S.Ct. at 3052. The record clearly demonstrates that the trial judge

---

5. The prosecutor made the following statement in the presence of the jury:

[THE PROSECUTOR] Mr. Fortney, you remember yesterday at the time that you pleaded guilty to armed robbery—

[MR. FORTNEY] Yes, sir.

[THE PROSECUTOR]—and I stated to the Court that one of the conditions the Government set was that we were willing to let you plead to armed robbery in return for—if you plead to armed robbery we would dismiss the remaining counts of the indictment at the time of sentencing with the additional condition that you testify as you had previously agreed?

[MR. FORTNEY] Yes, sir.

Tr. 138.

6. The court repeated this instruction during its general charge to the jury. Tr. 317–18.

7. The "no benefit" requirement is articulated in 18 U.S.C. § 5010(d):

If the court shall find that the youth offender will not benefit from treatment under subsection (b) and (c), then the court may sentence the youth offender under any other applicable penalty provision.

met this standard and properly exercised his discretion to sentence appellant as an adult.[8] Having made the requisite "no benefit" finding, the trial judge was under no obligation to justify further his decision not to sentence appellant under the Federal Youth Corrections Act.

For these reasons, we conclude that appellant's claims are without merit and, accordingly, we affirm.

*So ordered.*

**8.** At the time of sentencing, Judge Jones stated:

*I concluded that Marvin W. Thorne would not benefit from the Youth Corrections Act.* I agreed with the Board of Parole and the Youth Center that he has a degree of sophistication and he has become deeply involved in streetwise activity.

*I cannot believe that Mr. Thorne with this degree of sophistication would benefit from the Youth Corrections Act* and I do not think that those who are over there with some hope for their rehabilitation will be benefited by having Mr. Thorne in the population.

S.Tr. 9–10 (emphasis added).