**REYNOLDS v. UNITED STATES.**

No. 11387.

Circuit Court of Appeals, Fifth Circuit.

Dec. 21, 1945.

Rehearing Denied Jan. 16, 1946.

---

C. L. Hybart, of Monroeville, Ala., and Frank G. Horne, of Atmore, Ala., for appellants.

Albert J. Tully, U. S. Atty., and Alvin H. McConnell, Asst. U. S. Atty., both of Mobile, Ala., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

Appellants were convicted on five counts of an indictment charging them with violations of Sections 415 and 418a of 18 U. S.C.A. Each was sentenced to pay a fine of $1,000, and to imprisonment for one year and one day in a penal institution to be designated by the Attorney General. They severally seek reversal of the judgments on the grounds, among others, that the court below erred (a) in overruling the demurrers filed by them, (b) in admitting testimony showing seizure of the slot machines, and (c) in admitting evidence of sales of slot machines for the purpose of establishing their value.

The record shows that on October 4, 1943, members of the Alabama highway patrol, armed with a search warrant, seized approximately one hundred slot machines from the premises of Fred Reynolds, located in the Alabama part of the town of Flomaton, which is on the state line between Alabama and Florida. They were removed to Brewton, the county seat of Escambia County, Alabama, and delivered into the custody and possession of the sheriff, who stored them on the second floor of the county court house. A record was made of the serial numbers stamped in the metal part of the machines, and a written report was filed with the Circuit Solicitor. A few days later, pursuant to Section 287, Title 14, 1940 Code of Alabama, the Circuit Solicitor filed a petition to condemn the machines. Notice of the petition was served on appellant Fred Reynolds.

Shortly thereafter, the storage room in the court house, which was locked, was broken into at night and all of the machines, except a few junk parts, were unlawfully taken and removed from the possession, custody, and control of the sheriff. An attempt was made to destroy the serial numbers on the machines, but they were identified by the numbers, and were found to have been removed from the place of storage to the premises of appellant John Percy Reynolds on the Florida side of the town of Flomaton. Some of the machines were later sold to a company in New Orleans, La., and some to persons in Jackson, Mississippi. While being transported to Jackson, Mississippi, some of the machines were seized after recrossing the state line into Alabama. Others were located on the premises of John Percy Reynolds, where they were seized at the time of the apprehension of the appellants.

The appellants contend that the sheriff did not have the lawful custody of the machines for the reason that the highway patrolmen who seized the machines were not authorized by the Governor in writing as required by the statute empowering them to act as sheriffs or peace officers; that in removing the property from the place of storage they were removing their own property, and that this did not constitute a theft. The record shows that the officers were given a search warrant; that search was made pursuant thereto; and that the machines were seized. This procedure was legal, and vested the sheriff with possession and custody of the ma-

chines. In Douglass v. State, 21 Ala.App. 289, 107 So. 791, 793, it was held that the unlawful taking of property covers not only the theft of property belonging to a person, but also property "which either belongs to him or which is under his personal protection and control."

We think the search warrant under which the machines in question were seized was valid; that the machines were in the lawful custody of the sheriff; and that the removal of same by appellants constituted a theft. United States v. Handler, 2 Cir., 142 F.2d 351; United States v. Diuguid, 2 Cir., 146 F.2d 848. Since the value of the property transported was measured by its fair market value, and was not governed by Maximum Price Regulation No. 429, 8 Fed. Register, pages 9877 and 13742, it follows that the court below committed no reversible error in its rulings with respect thereto.

Accordingly, the judgment appealed from is affirmed.