**Jack Wright TWINING, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 18065.**

United States Court of Appeals
Fifth Circuit.

April 8, 1960.

M. M. Roberts, Hattiesburg, Miss., Jesse W. Shanks, Purvis, Miss., for appellant.

Joe J. Harrell, Pensacola, Fla., Jones and Harrell, Pensacola, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

**·926**

Jack W. Twining, in pro. per.

Anthony Ortega, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

**PER CURIAM.**

This is a proceeding under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. to correct a sentence for a conviction based on pleas of guilty to two counts charging violation of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113(a) & (d). Sentence on Count One, § 2113(a), of ten years was directed to run consecutively to the sentence of twenty years imposed on Count Two, § 2113(d), making a total of thirty years. The sentencing judge on his own motion vacated the sentence of ten years on Count One leaving the twenty-year sentence on Count Two to make the sentence comport with Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

On a theory that the greater comprehends the lesser, appellant contends that each count charged the same crime, § 2113(a) & (d), and that when the Court received a plea of guilty on Count One, the simultaneous reception of a plea of guilty on Count Two amounted to double jeopardy. Consequently there was never any valid conviction on Count Two. Presumably since the sentencing judge has vacated sentence on Count One, appellant contends that there is no longer any valid sentence whatsoever. In any event, appellant asserts that the sentence on Count Two, rather than on Count One, should have been vacated. This is untenable.

As revised by the District Court, there is no pyramiding of sentences and the term to be served is within the maximum permitted under either § 2113(a) or (d).

Affirmed.