**UNITED STATES of America,
Appellee,**

v.

**Percy HARRIS, Appellant.**

**No. 9700.**

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1965.

Decided May 20, 1965.

Jerome Rotenberg, Chicago, Ill. (Rotenberg, Schwartzman & Richards, Chicago, Ill., on brief), for appellant.

Wm. Medford, U. S. Atty. (Joseph R. Cruciani, Asst. U. S. Atty., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and STANLEY, District Judge.

ALBERT V. BRYAN, Circuit Judge.

Found guilty and sentenced in the District Court upon a two-count indictment for the felonious stealing of money from a Government-insured bank and for the felonious possession of money taken from such a bank,* Percy Harris asks us to reverse the conviction for errors at trial. We must sustain his appeal and order a new trial.

Viewed most favorably for the prosecution, the evidence developed these facts. Conviction rested upon the testimony of the bank teller and two accomplices, James Mitchell and Joseph Robinson. The latter pair and appellant Harris on August 26, 1963 drove into a parking lot near the First Citizens Bank and Trust Company's branch in Charlotte, North Carolina. They then entered the bank, separately and a few minutes apart. Robinson stood in the customers' line in front of the teller's window. Preparing to close for the day, she had placed on the counter four bundles, of $500 each, in bills. Robinson, in his turn, requested currency for silver he tendered in a paper bag and also asked for some coin wrappers and matches. On returning to her window after going for the extra articles, the teller saw Robinson's hands over the counter.

Mitchell testified that he had gone to the bank to get $50 notes in exchange for other cash. While standing in another queue he saw Harris behind Robinson. The first of the three to depart, Mitchell went to the automobile and waited for the other two. Robinson carried from the bank the same bag he had taken in, and dropped the ignition keys to the ground in passing the car. As Harris left, he signalled Mitchell to turn the car around. Mitchell picked the keys up and drove out of the lot, stopping for Harris and Robinson a short distance away. On entering the car, Harris said to Mitchell, "We got money" and Mitchell then saw in the car a pack of bills with "$2,000" written on the wrapper. The trio then returned to their motel and divided the loot.

Balancing out for the day the teller discovered a $2,000 shortage. Arrest of Harris, Mitchell and Robinson soon followed, as did their indictment for conspiracy to violate the bank robbery statute, 18 U.S.C. § 2113(b). Guilty pleas were entered by Robinson and Mitchell in April 1964 and Robinson promptly sen-

* 18 U.S.C. § 2113(b) and (c).

tenced. On his motion Mitchell's sentencing was deferred until October. Harris obtained a postponement of trial also until October. In the interim a separate indictment was handed up against him for the substantive offenses upon which the present prosecution is based. The earlier conspiracy indictment was dismissed as to Harris after his instant conviction.

■ Primary error assigned to the trial was the Court's instruction to the jury that a conviction could be returned upon *both* counts of the indictment. In this the District Judge inadvertently overlooked that the two counts overlapped. The first charged Harris with stealing the money, the second with its possession. He could have been convicted of either but not of both offenses. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

■ However, we think the second count fatally defective. It alleges that Harris "did possess and conceal the sum of $2,000.00, knowing the same to have been taken from the First Citizens Bank and Trust Company * * * in violation of Title 18, United States Code, Section 2113(c)". But in defining the possession and concealment which it denounces, the cited section incorporates the requirements of 18 U.S.C. § 2113(b). One of these is that the money be taken "with intent to steal or purloin". Thus only possession and concealment of money taken with that intent is criminal. As the count does not contain this allegation, it is faulty.

■ If Harris is reindicted and retried for a violation of § 2113(c), the submission should outline to the jury the elements of the crime. That was not done here. The omission was not supplied by the reading of the statute to the jury. In every criminal prosecution, we have heretofore insisted, an exposition of the constituents of the offense is mandatory and indispensable. Screws v. United States, 325 U.S. 91, 106–107, 65 S.Ct. 1031, 89

L.Ed. 1495 (1945); United States v. Hutchison, 338 F.2d 991 (4 Cir. 1964).

■ "Reasonable doubt" was explained, in part, to the jury as "a doubt for which you can assign a reason". This language, in our judgment, is not wholly free from question. Cf. United States v. Boyce, 340 F.2d 418 (4 Cir. 1964); Owens v. Commonwealth, 186 Va. 689, 43 S.E.2d 895, 900 et seq. (1947). This court, we recognize, did not disapprove the inclusion of like phraseology in Yarborough v. United States, 230 F.2d 56, 62 (4 Cir. 1956), cert. den. 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487, nor was approval expressly given, for no point was made of it. The wording, we note too, has been accepted elsewhere. Jury Instructions and Forms, 27 F.R.D. 39, 49. However, we think it preferable—in lieu of delineating the doubt as one referable to a reason—to couch it substantially in the forms suggested in Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954) and Holt v. United States, 218 U.S. 245, 259, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), viz: it is the kind of doubt that would make a reasonable person hesitate in the face of it to act in any matter of like importance relating to his own affairs.

■■ An accomplice's testimony, as appellant contends, must be examined with care and received cautiously, but the admonition of the Court in this case was not wanting in that particular. Appellant further assigns error to the failure of the Court to advise the jury explicitly that the prior convictions of Robinson and Mitchell should be considered in weighing their testimony. While a request was made for this warning, it was not granted. Nevertheless, undeniably the Court fully and adequately instructed on the credibility of witnesses. Refusal of the more exact charge was not error, although it might well have been given. Matthews v. United States, 115 U.S.App.D.C. 339, 319 F.2d 740 (1963), cert. den. 375 U.S. 943, 84 S.Ct. 351, 11 L. Ed.2d 274; Ballard v. United States, 99 U.S.App.D.C. 101, 237 F.2d 582 (1956),

cert. den. 352 U.S. 1017, 77 S.Ct. 574, 1 L.Ed.2d 554.

■ Rejection was proper of the prayer for an instruction on the proposition of falsus in uno, falsus in omnibus, with respect to a witness's testimony. In this Circuit it has been declared inappropriate. Virginian Ry. Co. v. Armentrout, 166 F.2d 400, 405, 4 A. L.R.2d 1064 (4 Cir.1948). Denial of other requests for charges is pressed as error, but we find their purpose adequately covered in instructions which were given.

■ Conviction of appellant Harris as a principal was not permissible, he urges, because the evidence did not prove he had taken the money. Nor could he be convicted as an aider or abettor, he further argues, because the indictment named no principal to whom he was accessory. Neither argument has force. By virtue of statute the indictment accuses the defendant both of committing and of aiding or abetting the crime. 18 U.S.C. § 2; Meredith v. United States, 238 F.2d 535, 542 (4 Cir.1956). There was proof abrim of criminal participation in each aspect.

■ No variance existed between the indictment allegation: that what was stolen was money "belonging" to the bank; and the evidence: that it was in the bank's custody or possession. The bills on the teller's counter were obviously a part of the funds with which the bank was doing business, and this in our opinion is a "belonging" of it to the bank. Indeed, the same would be true if the bank had been but a bailee of the currency. Reynolds v. United States, 152 F.2d 586 (5 Cir.1946), cert. den. 327 U.S. 803, 66 S.Ct. 959, 90 L.Ed. 1028; United States v. Rogers, 289 F.2d 433 (4 Cir.1961); Thomas v. United States, 287 F.2d 527 (5 Cir.1961), cert. den. 366 U.S. 961, 81 S.Ct. 1923, 6 L.Ed.2d 1254; Lubin v. United States, 313 F.2d 419 (9 Cir.1963).

■ In its charge the Court explained that certain instructions were given at the request of the defendant. The practice should not be continued. What the court says to the jury is not the instruction of either party; it is the instruction of the court. Nothing is gained, and harm might ensue, from indicating the source of any portion of the charge.

■ Error is assigned to the inaccuracy of certain factual statements embodied in the charge. Since the case must be retried, similar inadvertences will not be repeated if the attention of the District Judge is called to them. Appellant points out, too, that the Court undertook to outline the defendant's defense, when in fact he did not testify or offer any evidence whatsoever. The Court did, however, tell the jury that this was but a statement of the accused's contentions. Presumably, they were drawn from his counsel's cross-examination and arguments; they were intended to be helpful in apprising the jury of the defendant's position. However, on retrial, unless he offer an affirmative defense, we suggest that reference by the Court to defendant's case be limited to an explanation of the implications and effect of the not guilty plea, including, as the Court clearly emphasized, his right to remain off the stand unless he indicates his preference that no mention be made of his failure to testify. Of course, the Court may note any instances of no conflict in the evidence. Guy v. United States, 336 F.2d 595 (4 Cir.1964).

■ In setting forth the Government's case to the jury the trial judge termed his advertence to the evidence or facts as what the prosecution "says and contends". These references might conceivably have been accepted by the jury as a recital of the evidence or facts. To prevent misconception, the Court should make clear that it is only reiterating the Government's claims. In this the Court should stress that the jury is not bound by the judge's recollection or relation of the evidence or facts, and accent that the jury should ultimately rely upon their own memory and understanding. Quercia v. United States, 289 U.S. 466, 53 S. Ct. 698, 77 L.Ed. 1321 (1933); Lovely

v. United States, 175 F.2d 312, 315 (4 Cir.1949), cert. den. 338 U.S. 834, 70 S. Ct. 38, 94 L.Ed. 508.

For these reasons, we think the judgment of conviction should be set aside and a new trial awarded Harris.

Reversed and remanded.