UNITED STATES of America,
Appellee,

v.

William Stephan WEIR, Appellant.

No. 9694.

United States Court of Appeals
Fourth Circuit.

Argued June 1, 1965.

Decided June 30, 1965.

Barksdale, District Judge, dissented.

George J. Miller, Charlotte, N. C. (Court-assigned counsel), for appellant.

Wm. Medford, U. S. Atty. (Joseph R. Cruciani, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF and BRYAN, Circuit Judges, and BARKSDALE, District Judge.

SOBELOFF, Circuit Judge:

This is the appeal of William S. Weir from his conviction of interstate transportation of a stolen motor vehicle. 18 U.S.C.A. § 2312 (1951). On July 4, 1964, the defendant rented a 1964 Ford from the Hertz Rent-A-Car Company of Denver, Colorado. Although the rental agreement called for return of the vehicle the next day, July 5, 1964, it was not returned to Hertz by Weir, but was located by the police on July 10, 1964, at a motel in Charlotte, North Carolina, where Weir was staying.

The defendant complains of an unlawful search and seizure, but the District Court decided upon a sufficient basis in the evidence that no search was ever conducted. It found that the defendant voluntarily handed the FBI Agent and the policemen his copy of the rental contract in an effort to convince them that his possession of the automobile was regular and lawful. The document had been altered to show that the vehicle was not due to be returned until July 15, 1964. Intended to exculpate the defendant, the altered contract which he produced proved to be his undoing. As the paper was lawfully obtained from the defendant who voluntarily surrendered it to the officers, it was properly admitted into evidence. We find in this no infirmity.

Nor was there error in the refusal of the defendant's motions for judgment of acquittal, as there was in the Government's testimony a sufficient basis for the jury to find him guilty beyond a reasonable doubt.

 The conviction, however, must be reversed and a new trial ordered because of the Judge's charge to the jury. The objectionable portion of the charge is as follows:

"The defendant does not go on the witness stand to testify in his own behalf, which is a right he has. He says and contends, however, that he did not do these things; that he is either not the individual who is charged or that he either became totally oblivious to what was going on in the world; that he had a stroke of amnesia or some other circumstance like that; that he was not aware of the fact that he was overdue on his automobile; that he did not give this dental laboratory as his employer; and that if he came here he was absolutely and totally oblivious to having been in North Carolina."

We think it plainly prejudicial, when the defendant has seen fit not to testify, for the court's charge to undertake to present, as in this case, speculatively and perhaps even derisively defenses which the defendant has not tendered. Compare United States v. Harris, 346 F. 2d 182 (4th Cir. 1965). Such a charge fatally impairs the fairness of a trial. The error cannot be condoned as harmless for there is no way of measuring the degree of harm.

Reversed and remanded for a new trial.

BARKSDALE, District Judge (dissenting):

With due deference to my colleagues, I feel constrained to dissent. It is my considered judgment that the defendant was found guilty solely because he was guilty and the Government's evidence proved him guilty beyond a reasonable doubt. He relied on a motion to suppress evidence because of an alleged illegal search and seizure and objections to the admission of his own statements on the ground that the statements had been illegally obtained. When the court properly overruled these contentions, he neither took the witness stand, nor introduced any evidence in his own behalf. Being satisfied that the objectionable part of the charge had nothing to do with the conviction, I would affirm.