**Harold T. MATLOCK, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 1930.**

United States District Court, W. D. Tennessee, E. D.

Feb. 24, 1970.

Harold T. Matlock, pro se.

Thomas F. Turley, U. S. Atty., Memphis, Tenn., for respondent.

## OPINION

ROBERT M. McRAE, Jr., District Judge.

Petitioner, pro se, pursuant to 28 U.S.C.A. § 2255, alleges that his convictions and sentences under the Federal Bank Robbery Act, 18 U.S.C.A. § 2113(a) (b) and (d), are null and void. He moves that the judgments and sentences be vacated and a new trial be ordered. Petitioner contends that the trial judge committed reversible error by instructing the jury that it could find petitioner guilty of all three counts contained in the indictments. Petitioner further contends that he was put in double jeopardy in violation of the Fifth Amendment to the United States Constitution.

The Court finds that the issues in this cause may be resolved without holding an evidentiary hearing and without returning the petitioner from the institution where he is incarcerated. In addition to the pleadings in this cause, the Court has considered the indictments, jury instructions, jury verdicts and the judgments and commitments in the two cases, Nos. 8830 and 8831 Criminal, tried in the Eastern Division of this District, and the Clerk of this Court is directed to make the above mentioned portions of the record in those cases a part of the record in this cause.

On January 6, 1964, in two separate indictments, petitioner was charged with

robbing a federally insured bank in Counce, Tennessee, on September 13, 1963, (Criminal Case No. 8830) and with robbing a federally insured bank in Enville, Tennessee, on September 23, 1963 (Criminal Case No. 8831).

Count One of the indictment in the Counce robbery (No. 8830) charged that petitioner did by force and violence and by intimidation take from the person and presence of another a sum of money belonging to and in the possession of the Citizens Bank of Savannah, which funds were at that time insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C.A. § 2113(a). The second count of the indictment charged that petitioner and another took and carried away, with intent to steal and purloin, the property aforementioned in violation of 18 U.S.C.A. § 2113(b). The third count of the indictment charged a violation of 18 U.S.C.A. § 2113(d) in that the petitioner in committing the aforementioned offenses did put in jeopardy the life of a certain teller of the bank by the use of a dangerous weapon, a pistol.

The indictment in the Enville case (No. 8831) was substantially the same as the indictment in the Counce case.

Petitioner was tried, convicted and sentenced for the Enville Bank robbery on March 24, 1964. The presiding judge, now Chief Judge Bailey Brown, instructed the jury as to all three counts and submitted each count separately to the jury. The jury found the petitioner guilty as to all three counts. Petitioner was sentenced as follows: Count I [2113(a)], 20 years; Count II [2113 (b)], 10 years; Count III [2113(d)], 20 years. The sentences on Counts II and III run concurrently with the sentence on Count I.

This conviction was affirmed on direct appeal. United States v. Burkeen, 350 F.2d 261 (C.A. 6, 1965), cert. denied, 382 U.S. 966, 86 S.Ct. 457, 15 L. Ed. 369 (1965).

Petitioner was then tried for the Counce Bank robbery. Judge Brown followed substantially the same procedure as in the Enville case; he instructed the jury as to the separate counts and submitted each separate count to the jury. The jury returned a verdict of guilty as to each count. Petitioner was sentenced as follows: Count I [2113(a)], 20 years; Count II [2113(b)], 10 years; Count III [2113(d)], 20 years. Counts II and III to run concurrently with Count I and one-half of this sentence to run concurrently with the sentence in the Enville case. This conviction was also affirmed on direct appeal. United States v. Burkeen, 355 F.2d 241 (C.A. 6, 1966), cert. denied, 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966), rehearing denied, 385 U.S. 893, 87 S.Ct. 28, 17 L.Ed.2d 127 (1966).

This petition raises a substantial question concerning the procedure to be followed by trial judges in giving instructions to the jury and the sentencing of persons convicted under the Federal Bank Robbery Act, 18 U.S.C.A. § 2113, in cases involving multiple-count indictments consisting of the various subsections of the statute.

■ The law is now clear that separate concurrent sentences must not be imposed for violations of subsections (a), (b), (c) and (d) of § 2113. United States v. Machibroda, 338 F.2d 947 (C. A. 6, 1964). Section 2113(a), (b) and (d) charges only one punishable offense. United States v. Wzesinski, 268 F.2d 862 (C.A. 7, 1959). The lesser offenses, (a) and (b), merge into the aggravated offense, subsection (d). Machibroda, *supra*. In Prince v. United States, 352 U. S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), the Supreme Court held that the 1937 Amendments to the Federal Bank Robbery Act created lesser offenses and that when the aggravated offenses are committed the lesser offenses are merged into the aggravated offense to create only one crime. Since the intent of Congress is not to punish more severely than the language of its laws, the penalties should not be pyramided.

■ However, subsections (a), (b) and (d) retain their own identities.

They are separate and distinct offenses however closely related. Nonetheless, when a violation of subsection (d) is consummated and there are also convictions of subsections (a) and (b), then, for the purposes of sentencing, the lesser offenses, (a) and (b), merge into the aggravated offense, subsection (d). Prince v. United States, *supra*; United States v. Chester, 407 F.2d 53 (C.A. 3, 1969); Jones v. United States, 396 F.2d 66 (C.A. 8, 1968); Kelley v. United States, 364 F.2d 911 (C.A. 10, 1966); Hardy v. United States, 292 F.2d 192 (C.A. 8, 1960); Clark v. United States, 281 F.2d 230 (C.A. 10, 1960).

This court can find no proscription in *Prince*, nor in any case interpreting *Prince*, which prohibits a jury from finding the petitioner guilty of all the offenses charged in the indictment. One may unlawfully enter, forcibly rob and place someone in jeopardy of life; the offenses are not mutually exclusive; one does not preclude the others. What is proscribed is the pyramiding of penalties.

■ Therefore, the Court finds that it was not objectionable to allow the jury to deliberate concerning the three violations, either alternatively or cumulatively, but the Court should have imposed sentence for only one crime.

Petitioner relies primarily upon United States v. Harris, 346 F.2d 182 (C.A. 4, 1965). Petitioner's reliance is misplaced. In *Harris* the defendant-petitioner was indicted and convicted for violations of § 2113(a) and (c). Primary error assigned in that petition was the Court's instructions that a conviction could be returned upon *both* counts of the indictment. "In this the District Judge inadvertently overlooked that the two counts overlapped. * * * He could have been convicted of either but not of both offenses." United States v. Harris, *supra*, p. 184.

■ Subsections (b) and (c) overlap, whereas, subsections (a), (b) and (d) merge into one. Subsection (c) was included in the statute to cover a "new group of wrongdoers, not to multiply the offense of the bank robbers themselves." Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959); Clark v. United United States, *supra*. While a new trial was ordered in Harris v. United States, *supra*, that result is not dictated in the present case since petitioner was neither indicted nor convicted for violating subsection (c).

In Jenkins v. United States, 361 F.2d 615 (1966), the Court of Appeals for the Tenth Circuit was faced with the question of the correctness of a trial judge's instructions under § 2113. The defendant-appellant was indicted under § 2113(a) (b) and (c). The Court stated: "By the instructions given to the jury, they were told that they could find Jenkins guilty of any one or more of the three crimes charged. This constituted such error as requires a reversal of the judgment and conviction and the granting of a new trial." p. 617. In *Jenkins* it was not certain under which charge Jenkins was convicted; if convicted of subsection (c), he could not be legally convicted of subsection (b) since the respective subsections are directed at different classes of people. As noted above, this is not the situation with which this Court is faced. In the present case, the Court received from the jury a definite verdict as to each of the three counts submitted.

The Fourth Circuit was faced with a similar problem in United States v. Schmidt, 376 F.2d 751 (1967). There the indictment charged three counts: bank robbery, larceny, and armed robbery. The trial court's instructions stated in effect that if the jury found the defendant guilty as to any count it need not consider the other counts. This the Court of Appeals held was reversible error. As stated by the Court, "From the jury's return, which was in the form invited by the district judge, it is impossible to say of which count defendant was found guilty." p. 754. Again, this is a factor not applicable to the present petitioner.

In the light of the above decisions and reasons, the Court overrules the Motion to Vacate the Sentences imposed for violation of 18 U.S.C.A. § 2113(d). The sentences and convictions under 2113(a) and (b) are vacated. The Court denies the petition for a new trial and for the vacation of the entire judgment. Eakes v. United States, 391 F.2d 287 (C.A. 5, 1968).

■ The Court further concludes and holds that the petitioner was not placed in double jeopardy in violation of the Fifth Amendment to the Constitution of the United States. Smith v. United States, 287 F.2d 270 (C.A. 9, 1961); Twining v. United States, 276 F.2d 925 (C.A. 5, 1960).

Counsel for the United States will prepare and submit a corrected judgment and commitment in accordance with this opinion.