993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Ebikebana AKPI, Defendant-Appellant.
 No. 92-5481.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1993
Decided: April 27, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CR-92-38-L)
 James Joseph Nolan, Jr., Pierson, Pierson & Nolan, Baltimore, Maryland, for Appellant.
 Maury S. Epner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 REVERSED AND REMANDED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Akpi was convicted of conspiracy to traffic in unauthorized access devices (credit cards and automatic teller machine cards) in violation of 18 U.S.C. § 1029(b)(2). In the same trial he was acquitted of trafficking and using one or more of such cards. He was charged in a third count of the indictment of knowingly, and with intent to defraud, possessing 15 or more counterfeit access devices in violation of § 1029(a)(3).
 
 
 2
 Prior to trial, appellant moved to dismiss Count 1 (the conspiracy count) and Count 3 (the possession count) because neither of these counts alleged that his conduct had an effect upon interstate or foreign commerce. The trial court granted the motion as to Count 3, but denied such motion as to Count 1 on the ground that in setting forth the overt acts of the conspiracy the indictment alleged that certain acts were committed in the District of Columbia and in the States of Florida and Maryland. The court held "that there is no requirement that the indictment use the words affect interstate commerce so long as the facts are sufficiently stated in the indictment which necessarily satisfy that requirement."
 
 
 3
 At trial the court did not instruct the jury that an effect on interstate or foreign commerce was an essential element of the conspiracy alleged in Count 1. However, the jury charge as to Count 2, upon which the appellant was acquitted, did instruct the jury that an effect on interstate commerce by the defendant's actions was an essential element of the crime. The appellant did not object to the charge on Count 1, but he now argues that it was plain error for the charge not to instruct the jury that an effect on interstate or foreign commerce was an essential element of the crime.
 
 
 4
 We hold that Count 1 of the indictment was fatally defective because it does not allege an essential element of the crime, an effect on interstate or foreign commerce, and without this allegation the district court lacked jurisdiction to try the defendant. We also find that it was plain error not to instruct the jury that an effect on interstate or foreign commerce was an essential element of the conspiracy charged under 18 U.S.C. § 1029(b)(2). Therefore, the defendant's conviction and sentence are vacated.
 
 I.
 
 5
 The testimony reflects that beginning in November 1990, defendant Akpi persuaded an employee of Chevy Chase Federal Savings Bank in Maryland to obtain credit card account numbers and information from the bank's computer and to sell this information to the defendant. Other credit card information was furnished to Akpi over a period of ten months and involved 25 different cards issued by the bank. By telephone contact with the bank's customer assistance office, Akpi changed the mailing addresses for the cards and obtained the issuance of new cards. Upon receipt of these new cards, he used them in Maryland, New York, Florida and the District of Columbia to obtain large cash advances and valuable consumer goods.
 
 
 6
 Defendant was indicted on February 4, 1992 on three counts arising out of his possession and use of counterfeit access devices. On March 5, 1992, a superseding indictment was filed and it is essentially the same as the original indictment except for the numbering of one of the paragraphs therein. The superseding indictment also alleges three counts. Count 1 charges a conspiracy in the State of Maryland to traffic in and use, with the intent to defraud, one or more unauthorized access devices, and by such use to obtain things of value aggregating $1,000 or more during a one-year period, all in violation of 18 U.S.C. § 1029(b)(2). There is no mention in Count 1 of an effect upon interstate or foreign commerce as required by 18 U.S.C. § 1029(a), which defines the crimes relating to fraud and activities in connection with access devices.[1]
 
 Count 2 of the indictment alleged that:
 
 7
 Between in or about November 1990 and January 22, 1992, in the State and District of Maryland and elsewhere Robert Ebikebana Akpi knowingly and with intent to defraud did traffic in and use one or more unauthorized access devices, as defined in 18 U.S.C. Sections 1029(e)(1) and (e)(3), and by such conduct did affect interstate and foreign commerce and obtained things of value aggregating $1,000 or more during a period of one year.
 
 Count 3 alleged:
 
 8
 On or about January 22, 1992, in the State and District of Maryland, Robert Ebikebana Akpi knowingly and with intent to defraud did possess fifteen or more unauthorized access devices.
 
 
 9
 No mention is made of an effect upon interstate commerce in Count 3. Prior to trial, defendant filed a motion to dismiss Counts 1 and 3 of the Superseding Indictment upon the ground that said counts "failed to show jurisdiction or to charge offenses" because they did not allege an effect upon interstate or foreign commerce, and as a result they do not allege an offense against the United States nor do they allege jurisdiction of the district court over an offense.
 
 
 10
 The trial court granted this motion as to Count 3, and it was dismissed, but the court denied the motion as to Count 1, and stated from the bench:
 
 
 11
 The Motion to Dismiss Count 1 is denied on the basis of United States v. Hooker, which is 841 F.2d 1225. The Hooker case states, at page 1227, that the indictment in that case was defective because it failed to allege that the enterprise had an effect on interstate commerce, or to state either directly or through incorporation by reference any facts that would show that the enterprise affected interstate commerce. Here Count 1 of the indictment against Mr. Akpi does not state explicitly that the conspiracy affected interstate commerce, however, the manner and means[2] section of Count 1 and the overt acts section of Count 1 allege the conspiracy took place in the State of Maryland, in the District of Columbia and in Florida, and there are actions that are alleged that necessarily affect interstate commerce. And, therefore, I find that there is no requirement that the indictment use the words "affect interstate commerce" so long as facts are sufficiently stated in the indictment which necessarily satisfy that requirement.
 
 
 12
 At trial Akpi was convicted of conspiracy under Count 1, but was acquitted of the substantive charge in Count 2. In its instructions to the jury, the trial court did not state that an effect on interstate or foreign commerce was an essential element of the offense alleged in Count 1. The court read the indictment to the jury and also read a portion of 18 U.S.C. § 1029(b)(2), but neither the indictment nor the statute, as read by the court, mentioned an effect on interstate or foreign commerce. The court instructed the jury as to three essential elements of the crime that must be proved beyond a reasonable doubt by the government to obtain a conviction under Count 1, but it did not charge that an effect on interstate or foreign commerce must be proved.
 
 
 13
 In its instructions as to Count 2, the court properly instructed the jury that a fourth essential element must be proved by the government; "that interstate or foreign commerce was affected by the defendant's actions." The court then instructed as to the meaning of "an effect on interstate commerce." No such instruction was given with respect to Count 1. The defendant did not object to the court's failure to instruct the jury that an effect on interstate commerce was an essential element necessary to prove guilt under Count 1.
 
 II.
 
 14
 The United States argues that an effect on interstate or foreign commerce is not an essential element of the conspiracy charged in Count 1, because the essential elements of an 18 U.S.C. § 1029(b)(2) conspiracy are the same as those of the general conspiracy statute, 18 U.S.C. § 371. It argues that the essential elements under both statutes are: (1) the existence of an agreement between two or more persons, (2) to commit a substantial federal offense, (3) following by at least one overt act committed by one of the conspirators in furtherance of the unlawful agreement.
 
 
 15
 To accept the government's argument would require us to find that 18 U.S.C. § 371 covers all conspiracies under federal jurisprudence and that the conspiracy specifically provided in 18 U.S.C. § 1029(b)(2), as well as all other specific conspiracy statutes, are unnecessary and mere surplusage. We reject this argument. It is clear from the language of 18 U.S.C. § 1029 that Congress intended to and did create a distinct offense relating to fraudulent activity connected with access devices. Congress mandated that to be an offense such activity or activities must affect interstate or foreign commerce. Accordingly, it is necessary that such effect be charged in the indictment and proved at trial.
 
 
 16
 The trial judge and the government have misread and misapplied our holding in United States v. Hooker, 841 F.2d 1225 (4th Cir. 1988) (en banc), in which we found that an indictment charging a conspiracy to commit a RICO offense, in violation of 18 U.S.C. § 1962(c), must contain an allegation of the enterprise's effect on interstate or foreign commerce. The trial court, in its ruling on the motion to dismiss Count 1, apparently mistook a mere statement of fact, appearing at page 1227 of Hooker, for the holding of the case. The district court stated, "The Hooker case states, at page 1227, that the indictment in that case was defective because it failed to allege that the enterprise had an effect on interstate commerce, or to state directly or through incorporation by reference any facts that would show that the enterprise affected interstate commerce." This is not the holding of Hooker but merely a recitation of the facts about the Hooker indictment. The holding in Hooker as it relates to the conspiracy count and the essential elements that must be charged in the indictment, appears at page 1228, "We ... find the count defective for failure to allege an essential ingredient of the offense charged ('interstate commerce')."
 
 
 17
 The RICO statute, 18 U.S.C. § 1962, and the fraud in connection with access devices statute, 18 U.S.C. § 1029, are almost identical in the manner in which they treat conspiracy. Sections 1962(a), (b), and (c) set forth the substantive offenses under the statute, and (d) makes it a crime to conspire to violate subsections (a), (b), or (c). The requirement that there be an effect on interstate commerce is contained in the definition of the substantive offenses and not in the conspiracy section. The same is true of § 1029. The substantive offenses are set forth in §§ (a)(1), (2), (3), and (4), and these sections include the requirement that "the offense affects interstate or foreign commerce." Section 1029(b)(2) makes conspiracy to violate the preceding subsections a crime, and like the RICO statute the conspiracy section makes no mention of interstate commerce.
 
 
 18
 We find no merit to the government's argument that Count 1 alleged a conspiracy and not a substantive offense. This was answered by Judge Russell in Hooker:
 
 
 19
 Nor do we find significance in the fact that Count III alleges a conspiracy rather than a substantive crime. Although an offense that is the object of a conspiracy need not be delin eated in the indictment with the same particularity as a substantive offense, Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L. Ed. 545 (1927), this admonition applies to the statements of fact, that "flesh out" the indictment-not to the basic elements of the offense itself. Nelson v. United States. 406 F.2d 1136 (10th Cir. 1969). Wong Tai contains no language which would impart validity to an indictment which omits an allegation of an element of the crime charged nor does it suggest at any time in the opinion that a mere recitation of the statute under which the indictment issues will satisfy the requirement that the indictment contain a clear statement of the elements of the offense charged.
 
 
 20
 841 F.2d at 1229-30.
 
 
 21
 The present case is controlled by our holding in Hooker. An effect on interstate or foreign commerce is an essential element of a conspiracy offense under the RICO statute, and such effect is also an essential element of the conspiracy offense created by the fraudulent use of access devices statute and it must be alleged in the indictment.
 
 
 22
 It is obvious that the government could have obtained a superseding indictment with little or no delay. It had already successfully obtained a superseding indictment to change the numbering of one paragraph. This is just an example of sloppy draftsmanship. The U. S. Attorney made the necessary allegation in Count 2 of the indictment but omitted it from Counts 1 and 3.
 
 III.
 
 23
 It will be necessary for this case to be remanded for a new trial, and because of this we will discuss the defective jury instruction as to the conspiracy count. The trial court failed to instruct the jury that it must find beyond a reasonable doubt that the conspiracy offense "affects interstate or foreign commerce." The defense counsel did not object to the charge as given but we find it was clear error not to include an essential element of the offense in the jury instructions. The court instructed the jury as to the law of conspiracy including the requirement that the government prove at least one of the overt acts charged in the indictment. It was possible under these instructions for the defendant to be found guilty of conspiracy based upon a single overt act within the State of Maryland, without finding that he had committed acts in Florida or the District of Columbia. Under such circumstances, even under the government's theory, there would have been no effect on interstate commerce.
 
 
 24
 The instruction on interstate commerce as related to Count 2 does not cure the omission in the instructions as to Count 1. The jury must be instructed as to the essential elements of the offense, and it is clear error not to do so. Screws v. United States, 325 U.S. 91, 106-07 (1945); United States v. Harris, 346 F.2d 182, 184 (4th Cir. 1965).
 
 IV.
 
 25
 The appellant also claims error because of the admission into evidence of a list of 20 credit card numbers and fictitious names that originally formed the basis of the dismissed Count 3. We find no abuse of discretion in the admission of this evidence because it was admissible on the conspiracy count to show the types of counterfeit devices used.
 
 
 26
 In summary, we vacate the conviction and sentence on Count 1 and remand to the district court with instructions to dismiss this count without prejudice to the government, which may reindict and reprosecute Akpi if it so chooses.
 
 
 27
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 NIEMEYER, Circuit Judge, dissenting:
 
 28
 The quantum of evidence demonstrating that the defendant conspired to engage in a fraudulent interstate credit card scheme, in violation of 18 U.S.C. § 1029(b)(2), is ample. The issues here are technical ones which question (1) whether the indictment was defective because Count 1 (charging conspiracy to commit credit card fraud) failed to allege any connection with interstate commerce, and (2) whether the court properly instructed the jury on the conspiracy count when it failed to direct that the conspiracy had to be connected with interstate commerce. Because I conclude that a conspiracy need not be connected with interstate commerce, but only with a federal crime, the indictment was not defective nor were the instructions erroneous. I would therefore readily affirm the convictions.
 
 
 29
 The defendant was indicted in three counts. Count 1 charged that he conspired to violate 18 U.S.C. § 1029(a) (credit card fraud) by acts and omissions both within and outside the State of Maryland in violation of § 1029(b)(2); Count 2 charged that he violated 18 U.S.C. § 1029(a)(1) by trafficking in interstate commerce with an "unauthorized access device"; and Count 3 charged, without alleging any connection with interstate commerce, possession of a fraudulent credit card in violation of § 1029(a)(3). The district court found fatal the government's failure to allege in Count 3 that there was a nexus with interstate commerce, and it submitted only Counts 1 and 2 to the jury. The jury convicted the defendant on Count 1 and acquitted him on Count 2.
 
 
 30
 In its instructions to the jury on Count 1 (the conspiracy count), the district court properly observed that the object of the conspiracy was to violate federal law, explaining:
 
 
 31
 The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws which the law refers to as "substantive crimes." So in Count 1 you have a conspiracy to unlawfully traffic in those unauthorized credit devices. And in Count 2, you have the crime alleged of trafficking in those unlawful credit devices. So, therefore, Count 1 is a conspiracy offense, Count 2 charges the substantive crime.
 
 
 32
 After instructing the jury on the necessary elements of a conspiracy, the court then instructed the jury on Count 2, the federal substantive crime which was the object of the conspiracy, stating:
 
 
 33
 The fourth and final element that the government must prove beyond a reasonable doubt is that the defendant's behavior alleged in the indictment affected interstate or foreign commerce. Interstate commerce means simply the movement of goods between two or more states. Foreign commerce means simply the movement of goods between the United States and other countries. It is not necessary for the government to prove that the defendant personally carried or shipped the access devices across state lines or outside the United States borders, or that anyone else actually did so. All the government must prove is that the defendant's behavior affected the movement of goods across state lines or in foreign commerce.
 
 
 34
 There is no requirement in 18 U.S.C. § 1029(b), or for that matter in the general conspiracy statute, 18 U.S.C. § 371, that a federal conspiracy affect interstate commerce. Interstate commerce is not a necessary element. All that is necessary is that the object of the conspiracy be the commission of a federal crime. Section 1029(b)(2), which is the section that describes the crime of conspiracy, states simply that the offense is committed when the defendant"is a party to a conspiracy of two or more persons to commit an offense under subsection (a) of this section [the substantive credit card provision]." (Emphasis added). Just as is the case with a conspiracy under 18 U.S.C. § 371, there is no requirement that the conspiracy be connected to interstate commerce-the federal conspiracy is defined by having as its object the violation of a federal law.
 
 
 35
 In this case both the indictment and the instructions to the jury properly recognized that the conspiracy would be a federal conspiracy only if its object was to commit a federal substantive crime, in this case § 1029(a). Only when instructing on and proving the substantive offense must its elements be given, and in this case that includes a connection with interstate commerce. See United States v. Cobb, 905 F.2d 784, 791 (4th Cir. 1990) (noting that an indictment for conspiracy to commit a criminal act need not allege all the elements of the offense that is the object of the conspiracy).
 
 
 36
 I would observe that while I firmly believe that a federal conspiracy under § 1029(b)(2), as under § 371, is established without the necessity of any connection to interstate commerce, it being necessary only that its object be a federal crime, in this case the specific allegations of Count 1 show that its scope affected interstate commerce. It describes one conspiracy that affected Maryland, D.C., and Florida.
 
 
 37
 Moreover, the fact that the jury convicted on the conspiracy count and acquitted on the substantive count does not undermine the integrity of the indictment or the court's instructions.
 
 
 38
 Because I would affirm, I respectfully dissent.
 
 
 
 [1]
 18 U.S.C. § 1029 states:
 (a) Whoever
 (1) knowingly and with intent to defraud produces, uses, or traffics in one or more counterfeit access devices;
 (2) knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period;
 (3) knowingly and with intent to defraud possesses fifteen or more devices which are counterfeit or unauthorized access devices;
 or
 (4) knowingly, and with intent to defraud, produces, traffics in, has control or custody of, or possesses device-making equipment; shall, if the offense affects interstate or foreign commerce, be punished as provided in subsection (c) of this section.
 (b)(1)....
 (2) Whoever is a party to a conspiracy of two or more persons to commit an offense under subsection (1) of this section, if any of the parties engages in any conduct in furtherance of such offense, shall be fined an amount not greater than the amount provided as the maximum fine for such offense....
 18 U.S.C. §§ 1029(a), (b) (Supp. 1992) (emphasis added).
 
 
 [2]
 There is no mention in the "manner and means of the conspiracy" section of the indictment that the offense affects interstate or foreign commerce, or that any act took place in any particular state or in more than one state