# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

EUGENE ERNST JACKSON, a/k/a Doot,
          *Defendant-Appellant.*

No. 02-4599

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

HERMAN LEE WALKER,
          *Defendant-Appellant.*

No. 02-4707

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CR-01-464-WMN)

Submitted: June 27, 2003

Decided: July 15, 2003

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John G. Sakellaris, BERNSTEIN & SAKELLARIS, Baltimore, Maryland; Randolph O'Neil Gregory, Sr., Baltimore, Maryland, for

Appellants. Thomas M. DiBiagio, United States Attorney, Craig M. Wolff, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eugene Ernst Jackson and Herman Lee Walker were convicted of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. Additionally, both Jackson and Walker were convicted of distribution and possession with intent to distribute heroin. Jackson was sentenced to life in prison for conspiracy and 360 months concurrent for the distribution of heroin. Walker was sentenced to 290 months for conspiracy and 240 months concurrent for distribution. They timely appeal.

I

Jackson and David Curtis began selling heroin in Baltimore in 1996. Walker joined the organization in 2000. Between the summer of 1999 and the summer of 2001, the group sold heroin seven days a week for approximately fourteen hours a day. Once or twice during this period, operations shut down for one or two weeks at a time. Following his arrest, Curtis pleaded guilty and subsequently testified at Jackson's and Walker's trial. Four of the group's customers also testified against Jackson and Walker.

II

During voir dire, a prospective juror who ran the medical program at three Maryland correctional facilities informed the court that one of the defendants looked "a little bit familiar." The court asked the

prospective juror to approach the bench. The man told the court that the "big" defendant looked familiar, and that his name seemed familiar. Defense counsel moved for a mistrial. The court denied the motion, observing that there had been no positive identification. The court also refused to give a curative instruction out of concern that such an instruction would call attention to the matter. The court struck the prospective juror.

On appeal, Jackson and Walker assert that the trial was unfairly prejudiced by the prospective juror's statement that he recognized one defendant. We find that there was no abuse of discretion in the court's denial of a motion for a mistrial. *See United States v. Cole*, 293 F.3d 153, 163 (4th Cir.) (giving standard of review), *cert. denied*, 71 U.S.L.W. 3170 (U.S. Oct. 15, 2002) (No. 02-354). There was no positive identification of either defendant. Rather, the comment was brief and vague. Further, the refusal to give a curative instruction when there was no clear identification and the prospective juror was not seated was not an abuse of discretion. *See United States v. Helem*, 186 F.3d 449, 454 (4th Cir. 1999) (stating standard of review).

### III

Jackson and Walker contend that several witnesses either lied on the stand or admitted having previously lied to investigators. The appellants argue that the district court erred when it denied their request for a "trial perjury" or "falsus in uno, falsus in omnibus"* instruction.

Courts disfavor such an instruction and prefer general instructions on witness credibility. *See United States v. Schimmel*, 943 F.2d 802, 808 (7th Cir. 1991); *Parker v. United States*, 801 F.2d 1382, 1385 (D.C. Cir. 1986); *United States v. Harris*, 346 F.2d 182, 184 (4th Cir. 1965). In this case, defense counsel had ample opportunity to expose possible perjury, past lies or half-truths, and inconsistencies between previous statements and trial testimony. The district court gave detailed instructions on assessing witness credibility. Under these circumstances, there was no abuse of discretion in the denial of the requested instruction.

---

*False in one thing, false in all things.

IV

Finally, Jackson contends that the district court's alleged noncompliance with 21 U.S.C. § 851(b) (2000) requires reversal. Prior to trial, the Government filed an information stating that Jackson had two prior felony convictions and that it accordingly would seek an enhanced sentence. Jackson objected in writing to the information. At sentencing, his attorney informed the court that Jackson's concern was that he might not be the person who was convicted of the identified felonies. Counsel stated, however, that he had reviewed pertinent materials and determined that the Government was correct that it was Jackson who had been convicted of the earlier felonies. Because Jackson admitted through counsel that he was guilty as represented in the information and has presented nothing to the contrary on appeal, we conclude that any technical violation of § 851(b) was harmless error.

V

We accordingly affirm. Jackson's motion to file a pro se brief is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*